```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA
_____

  United States of America,     ) Criminal Action
                                ) No. 1:21-cr-00245-APM-1
              Plaintiff,        )
                                ) Status Conference (via Zoom)
  vs.                           )
                                )
  Shane Jenkins,                ) Washington, D.C.
                                ) August 25, 2021
              Defendant.        ) Time:  9:15 a.m.
_____

         Transcript of Status Conference (via Zoom)
                         Held Before
            The Honorable Amit P. Mehta (via Zoom)
                  United States District Judge
_____

                       A P P E A R A N C E S

  For the Plaintiff:       Robert C. Juman
  (via Zoom)               U.S. ATTORNEY'S OFFICE
                           500 East Broward Boulevard
                           Ft. Lauderdale, Florida 33132

  For the Defendant:       Maria Jacob
  (via Zoom)               OFFICE OF THE FEDERAL
                           PUBLIC DEFENDER
                           625 Indiana Avenue, Northwest
                           Washington, D.C. 20004

  Also Present (via Zoom):
                           Ryan Marshall
_____

  Stenographic Official Court Reporter:
  (via Zoom)               Nancy J. Meyer
                           Registered Diplomate Reporter
                           Certified Realtime Reporter
                           United States Courthouse, Room 6509
                           333 Constitution Avenue, Northwest
                           Washington, D.C. 20001
                           202-354-3118
```

```
 1                        P R O C E E D I N G S

 2              (REPORTER'S NOTE:  This hearing was held during the
        COVID-19 pandemic restrictions and is subject to the
 3      limitations of technology associated with the use of
        technology, including but not limited to telephone and video
 4      signal interference, static, signal interruptions, and other
        restrictions and limitations associated with remote court
 5      reporting via telephone, speakerphone, and/or
        videoconferencing.)
 6

 7              THE COURTROOM DEPUTY:  This is Criminal Case No.

 8      21-245, United States of America v. Shane Jenkins.

 9              Robert Juman for the government.  Maria Jacob for the

10      defense.  The defendant is appearing via videoconference for

11      this hearing.

12              THE COURT:  All right.  Counsel, good morning.

13              Mr. Jenkins, good morning.  Can you hear me okay, sir?

14      We've got the thumbs up.

15              Okay.  So we're here for a status conference.  Where do

16      things stand, and how do the parties propose we proceed?

17              Mr. Juman.

18              MR. JUMAN:  Well, Your Honor, I -- I can report that

19      the specific discovery for this case has been produced.  There

20      are -- the contents of the defendant's cell phone have been

21      sent, but a pardon to defense, I wasn't able to confirm whether

22      it's been received yet.  But other than that, the entirety of

23      the specific discovery in this case has been received.

24              A plea offer has been extended.  I believe it has been

25      rejected.  The government's going to be asking for this matter
```

1   to be reset for 60 days and for the exclusion of time under the
2   Speedy Trial Act.
3           Last night I filed a status update regarding discovery
4   in this matter.  I apologize for the lateness of the filing.
5   It had literally just been received and I wanted to get it to
6   the Court.  And, in a nutshell, that filing makes clear that
7   there are valid grounds for an ends-of-justice continuance in
8   this case because of what I'll refer to as the general
9   discovery, not the specific discovery, which, as I said, has
10  been produced.
11          THE COURT:  That's all right, Mr. Juman.  I don't
12  mean to cut you off.  I'm familiar with it.
13          MR. JUMAN:  Okay.  I don't want to belabor the point
14  either.
15          THE COURT:  That's okay.
16      All right.  Let me turn to Ms. Jacob and get her
17  perspective on where things stand, and I understand there may
18  be some, maybe, representations concerning representation.
19          MS. JACOB:  Yes, Your Honor.  So before I, you know,
20  answer any questions related to discovery, I -- I think I just
21  want to bring it to the Court's attention that I believe
22  Mr. Jenkins has retained a lawyer who is on the line now.  It's
23  Mr. Ryan Marshall.
24      And so I was notified last night of that, and so I --
25  you know, I don't know if his notice has been filed yet, but I

|    |    |
|---:|----|
| 1  | think that Mr. Jenkins -- based on the conversation I had with |
| 2  | Mr. Marshall last night, I think that Mr. Jenkins wishes to |
| 3  | move forward with their firm.  However, I have not had a chance |
| 4  | to speak with Mr. Jenkins in the interim. |
| 5  |       THE COURT:  Okay.  Mr. Marshall, you're on the line. |
| 6  | I understand that you're not barred but are affiliated with the |
| 7  | law firm that Mr. Jenkins has retained.  Can you just provide |
| 8  | us a quick status update of your understanding of where things |
| 9  | stand? |
| 10 |       MR. MARSHALL:  Yes, Your Honor.  And first I want to |
| 11 | thank you for allowing me to appear. |
| 12 |       So we were retained earlier this month by Mr. Jenkins. |
| 13 | A notice of appearance, I believe, should have been filed, but |
| 14 | as of this morning, when I looked at the docket, it had not |
| 15 | been.  John Pierce, my boss, is the one who the notice of |
| 16 | appearance would be filed for. |
| 17 |       So as of now, the only thing -- the next thing we wanted |
| 18 | to do was see about -- to confer with Mr. Jenkins and his |
| 19 | previous counsel of how to move forward. |
| 20 |       THE COURT:  All right.  Well, I guess I'm not |
| 21 | prepared to relieve Ms. Jacob of her appointment yet.  I'd like |
| 22 | to get a notice of appearance from Mr. Pierce if he is going to |
| 23 | enter one.  And, Mr. Marshall, can you give me a sense of by |
| 24 | when that might happen? |
| 25 |       MR. MARSHALL:  I can make sure a notice of appearance |

1   gets filed today, Your Honor.
2           THE COURT:  All right.  And when will Mr. Pierce, to
3   your knowledge, be available.
4           MR. MARSHALL:  That has now surfaced as a problem.
5   Mr. Pierce is in the hospital, we believe, with COVID-19 and is
6   currently on a ventilator, unresponsive.
7           THE COURT:  All right.  Sorry.  I'm really sorry to
8   hear, and I hope he recovers fully.  And I wish him and his
9   family well.
10          MR. MARSHALL:  Your Honor, I also believe the goal is
11  for me to attempt today -- I'm not sure if you're aware, but
12  earlier in the year, the D.C. Court of Appeals had created a
13  supervised or a limited license program for those graduates
14  during the COVID time that have not taken the D.C. Bar.  I
15  think the plan is today for me to file a motion since I do fit
16  the requirements and have the --
17          THE COURT:  Well, let me -- I guess, Mr. Marshall,
18  let's take this a step at a time.  I mean, I'm not -- I don't
19  think we're at the point where I need to entertain such a
20  motion.
21          MR. MARSHALL:  Okay, Your Honor.
22          THE COURT:  You know, we've got to figure out what's
23  going to happen here with Mr. Pierce and, frankly, what that
24  means Mr. Jenkins wants to do if Mr. Pierce is either --
25  becomes unavailable or unable to perform services for an

1    extended period of time.
2         So I guess here's what I would suggest:  Why don't we
3    give this a week and see where things are.  And, Mr. Marshall,
4    is there -- is Mr. Pierce affiliated with another barred
5    attorney at his firm or is he a solo practitioner?
6         MR. MARSHALL:  No, we do have another barred
7    attorney; however, he's not barred in D.C.
8         THE COURT:  Okay.  Well, let's ask whoever -- if
9    Mr. Pierce is not available next week, what I would -- what I
10   would ask you, Mr. Marshall, to do is to communicate with
11   counsel who is barred, if you can, in the next week or so, get
12   a legal call with Mr. Jenkins to see how he wants to proceed,
13   and then let's kind of figure out where we are in a week or so.
14   Is that okay?
15        MR. MARSHALL:  Great.  Thank you, Your Honor.
16        THE COURT:  All right.  So let's take a look at the
17   calendar.
18        MR. MARSHALL:  Your Honor, one other question.  Would
19   it be possible to get an order coming down from the Court to
20   mandate the jail to set up a video call?  We are having extreme
21   difficulty getting video calls set up in that -- in the place
22   where Mr. Jenkins is currently being detained.  Both defense
23   counsels and the AUSAs are having problems getting things set
24   up, especially if there is a timeline.  So I didn't know if an
25   order from the Court could be possible and helpful.

1               THE COURT:  Yeah, I mean, it's not for me to enter an
2     order, but what I will do is reach out to the -- my contact at
3     the DOC and see what we can do to get this matter on their
4     radar to set up promptly.
5           So -- all right.  Let's just take a look at the calendar
6     here.  How about -- how about 12 o'clock Eastern Time on
7     Thursday, the 2nd of September.  Do we have a line available
8     with the jail?
9               THE COURTROOM DEPUTY:  Your Honor, we do not have a
10    line at 12 o'clock on September 2nd, but we have one at 12:30.
11              THE COURT:  All right.  How about 12:30?
12              MR. MARSHALL:  That's fine with us, Your Honor.
13              MR. JUMAN:  Your Honor, that's fine for the
14    government.
15              THE COURT:  Ms. Jacob, are you available?
16              MS. JACOB:  Your Honor, I will actually be on the
17    road at that time, and so I -- I will make myself available.  I
18    just want to make sure it's okay that I -- that I call in
19    rather than do it by video.
20              THE COURT:  Yeah, that's fine.  No problem.
21          Okay.  So -- and, Mr. Marshall, we'll ask to have your
22    colleague -- your colleague available at 12:30 next Thursday.
23          We'll exclude time under the Speedy Trial Act through
24    next Thursday, September 2nd.  Given -- with respect to the
25    situation with counsel, it supports the exclusion of that time

1   so he can make some decisions about how he wishes to proceed.
2           Mr. Jenkins, is that -- you agree to the exclusion of
3   time to resolve this issue regarding your lawyer, sir?
4           THE DEFENDANT:  Unfortunately, yes, Your Honor.  I
5   believe I'm at the mercy of the Court, so...
6           THE COURT:  I'm sorry about these circumstances for
7   everyone.
8           All right.  So we'll gather again next Thursday.
9           Send our best wishes to Mr. Marshall and his family --
10  to Mr. Pierce and his family.
11          And we'll see everybody next Thursday.  Thank you, all.
12              (The proceedings concluded at 9:38 a.m.)

CERTIFICATE OF OFFICIAL COURT REPORTER

    I, Nancy J. Meyer, Registered Diplomate Reporter, Certified Realtime Reporter, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenograph notes and is a full, true, and complete transcript of the proceedings to the best of my ability.

    Dated this 26th day of August, 2021.

```
/s/ Nancy J. Meyer
_____
Nancy J. Meyer
Official Court Reporter
Registered Diplomate Reporter
Certified Realtime Reporter
333 Constitution Avenue Northwest, Room 6509
Washington, D.C. 20001
```