IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case No. 21-CR-245 (APM) |
| SHANE JENKINS, | : |
| Defendant. | : |

**DEFENDANT SHANE JENKINS' MOTION *IN LIMINE* TO PRECLUDE ADMISSION OF 404(b) EVIDENCE NOTICED BY THE GOVERNMENT**

Defendant Shane Jenkins ("Mr. Jenkins"), by and through undersigned counsel, respectfully moves for an order *in limine* to preclude evidence the government seeks to admit under Fed. R. Evid. 404(b). In support of this motion Mr. Jenkins presents the following points and authorities:

**I.     BACKGROUND**

In a Second Superseding Indictment, Mr. Jenkins was charged with several offenses related to the events on January 6, 2021. Trial in this case is set to commence on March 21, 2023. On January 23, 2023, the government sent an email to defense counsel giving Notice Pursuant to Fed. R. Evid. 404(b). The email is attached hereto as Exhibit "A". In its email, the government stated that it seeks to introduce information regarding Mr. Jenkins' prior convictions because it believes that the "offenses will be relevant to show knowledge, motive, criminal intent, and absence of mistake in connection with" the charges of Obstruction of Law Enforcement During Civil Disorder [18 U.S.C. § 231(a)(3)] and Assault on a Federal Officer [18 U.S.C. § 111(a)(1), (b)] stemming from Mr. Jenkins' conduct on January 6th. *Ibid.* Besides mentioning the convictions, the location, and the year of said prior convictions, no additional information was provided regarding the "prior offenses" and how they may be relevant to show

1

knowledge, motive, criminal intent, or absence of mistake in the charges stemming from Mr. Jenkins' conduct on January 6th.

## II. LEGAL STANDARD

"Evidence of any other crime, wrong, or act" is inadmissible to "prove a person's character in order to prove that on a particular occasion the person acted in accordance with their character." Fed. R. Evid. 404(b)(1). This prohibition "codifies the common law tradition" of prohibiting the government from seeking convictions based on propensity evidence. *United States v. Thomas*, 2020 WL 122985 *1, at *5 (D.D.C. Jan. 10, 2020) (citing *Michelson v. United States*, 335 U.S. 469, 475 (1948)). The assessment of 404(b) evidence by a Court involves a two-step process. *See United States v. Hsia*, 2000 WL 195028 *1, at *2 (D.D.C. Feb. 2, 2000) (citing *United States v. Clarke*, 24 F.3d 257, 264 (D.C. Cir. 1994)).

The first step involves assessing whether such evidence is being admitted to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *See* Fed. R. Evid. 404(b)(2); *Hsia*, 2000 WL 195028 at *2 (Rule 404(b) does not provide "an exclusive list of relevant purposes" and any such evidence is properly introduced so long as it is "not offered solely to prove character or criminal propensity.") (citing *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990); *cf. United States v. Mahdi*, 598 F.3d 883, 891 (D.C. Cir. 2010); *United States v. Pettiford*, 517 F.3d 584, 588–89 (D.C. Cir. 2008).

The second step involves assessing whether evidence which has a proper purpose under Rule 404(b), should still be excluded under Rule 403 because the probative value is outweighed by unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403; *Hsia*, 2000 WL 195028 at *2 (citing *United States v. Clarke*, 24 F.3d at 264)). The "analytical method" under Rule 403

balancing asks the District Court "to take account of the full evidentiary context of the case". *Thomas*, 2020 WL 122985, at *6 (quoting *Old Chief v. United States*, 519 U.S. 172, 182 (1997)).

To seek admission of evidence under Rule 404(b), the government must provide reasonable notice in writing including an articulation of what purpose the government intends to offer the evidence and the reasoning which supports the purpose. *Id.* at 404(b)(2)-(3).

> The prosecution must not only identify the evidence that it intends to offer pursuant to the rule but also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose. The earlier requirement that the prosecution provide notice of only the "general nature" of the evidence was understood by some courts to permit the government to satisfy the notice obligation without describing the specific act that the evidence would tend to prove, and without explaining the relevance of the evidence for a non-propensity purpose. This amendment makes clear what notice is required.

Committee Notes on Rules – 2020 Amendment, https://www.law.cornell.edu/rules/fre/rule_404.

### III. ARGUMENT

#### A. The Government's Notice does not Articulate a Reasoning that Supports the Purpose for which it intends to Offer the Evidence.

As previously stated, Fed. R. Evid. 404(b)(2)(3) requires that the government provide reasonable notice in writing including an articulation of what purpose the government intends to offer the evidence and the reasoning which supports the purpose. The government's notice falls short of the re-drafted Rule 404(b) notice requirement. *See* Committee Notes on Rules – 2020 Amendment, *supra* ("The earlier requirement that the prosecution provide notice of only the 'general nature' of the evidence was understood by some courts to permit the government to satisfy the notice obligation without describing the specific act that the evidence would tend to prove, and without explaining the relevance of the evidence for a non-propensity purpose."). The government has simply pointed to multiple prior offenses, listing only the name of the offense, where it occurred, and the year when it occurred, then states that it will broadly be used

3

to prove "knowledge, motive, criminal intent, and absence of mistake." This is insufficient according to the Committee Notes on Rules – 2020 Amendment, *supra*.

B.   **The Prior Offenses Identified by the Government Are Not Relevant.**

"A primary requirement when seeking to establish knowledge or intent with prior bad acts is that the evidence must meet a threshold level of similarity to be admissible." *United States v. Williams*, No. 20-121, 2020 WL 7318006, at *5 (D.D.C. Dec. 10, 2020). Here, the government is offering evidence of other, unrelated bad acts that suggest nothing more than a tendency or propensity to engage in criminality, which is inadmissible under 404(b). *See United States v. McGill*, 815 F.3d 846, 878 (D.C. Cir. 2016).

In *United States v. Cheadle*, the court held "[t]here is no mechanical test for determining whether evidence of a prior offense is too remote to be admissible, and admissibility depends on whether the prior act is probative with respect to the accused's intent.". *United States v. Cheadle*, No. 92–3117, 1992 WL 380140, at *1 (D.C. Cir. Dec. 18, 1992). However, the court in *United States v. Sheffield*, held that the "staleness of [a] conviction reduces its probative value such that it is 'substantially outweighed' by the danger of unfair prejudice already inherent in the admission of prior-bad-act evidence. *United States v. Sheffield*, 832 F.3d 296, 308 (D.C. Cir. 2016); *see also United States v. Bigesby*, 685 F.3d 1060, 1065 (D.C. Cir. 2012) (explaining that the "gap between [a] conviction and the [offense conduct] limited the conviction's probative value"). In *Sheffield*, the court concluded that the defendant's prior conviction, which had occurred over a decade before the conduct at issue, reduced the evidence's probative value such that it was outweighed by its unfair prejudice toward the defendant.

The prior offenses the government seeks to offer as evidence in this case have no apparent bearing on the knowledge, motive, criminal intent, or absence of mistake in connection

4

with the charges stemming from the defendant's conduct on January 6th.  The prior offenses mentioned in the government's notice occurred more than 7 years prior to the January 6th events with the oldest offense being from 2001.  As such, they did not fall within the time period of Mr. Jenkins' charges in his current Indictment. *See United States v. Wilkins*, 538 F. Supp. 3d 49, 77 (D.D.C. 2021) (holding defendant's prior conduct was admissible because it fell within the time period he was charged with the offenses in the Superseding Indictment.).  Additionally, all of these offenses occurred in Texas, nowhere near the Capitol Building in Washington D.C.

Mr. Jenkins' prior offenses were all distinct from one another and none of them relate to the events that occurred on January 6th.  The riots on the Capitol Building on January 6th were a spontaneous series of events that were triggered in the aftermath of the 2020 presidential election.  The most recent prior offense the government mentions in the notice was a misdemeanor that occurred in 2014.  No evidence of motive or intent can be found from this 2014 offense, nor from any other offense mentioned in the government's notice because there would be no reason to storm the Capitol Building prior to 2021.  President Trump was not President until 2016, and the election that led to the riots of the Capitol Building did not start until 2020.  Mr. Jenkins' prior offenses, based on when they occurred and where they occurred, should be precluded because they do not provide any evidence to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident in Mr. Jenkins' current charges. *See* Fed. R. Evid. 404(b)(2).

In *United States v. Sheffield*, 832 F.3d 296, 299 (D.C. Cir. 2016), the Circuit Court found that the District Court erred in permitting evidence regarding the defendant's prior convictions.  In that case, the defendant was convicted for unlawful possession of 100 grams or more of phencyclidine (PCP) with intent to distribute.  Despite the defendant's objection during trial, the

5

District Court erroneously permitted the government to admit "other crimes" as evidence under Fed. R. Evid. 404(b). *Id.* at 307.  On appeal, the Circuit Court concluded that the prior conviction occurred "a decade before the offense conduct at issue" and that this prior conviction "bore little evidentiary relevance to the question of Sheffield's knowledge in 2011". *Ibid.*  Here, like in *Sheffield*, Mr. Jenkins' prior offenses are extremely remote, with the most recent offense being from 2014 and the other offenses being from almost two decades ago.  Moreover, just like in *Sheffield*, these prior offenses bare no evidentiary relevance to the question of Mr. Jenkins' knowledge in 2021. *Ibid.*

Evidence of Mr. Jenkins' prior convictions should not be permitted.

### C.     The Prior Offenses' Probative Value is Outweighed by Unfair Prejudice

If the Court finds the notice to be sufficiently drafted and that the first step in the two-step analysis is met, which they are not, the Court should still preclude the prior offenses from being offered at trial because any probative value they may offer is far outweighed by the unfair prejudice they will have on Mr. Jenkins.

Evidence of Mr. Jenkins' prior offenses should still be excluded under Rule 403 because when considering the full evidentiary context of the case, the prior offenses do not offer any probative value, but rather will create unfair prejudice, confuse the issue, mislead the jury, and create an undue delay. Fed. R. Evid. 403; *Hsia*, 2000 WL 195028 at *2 (citing *United States v. Clarke*, 24 F.3d at 264)); *See also Bigesby*, 685 F.2d at 1065 (holding that the six-year gap between the defendant's conviction and the discovery of drugs at the defendant's apartment limited the conviction's probative value).  The only reason to present Mr. Jenkins' prior offenses is to prove Mr. Jenkins acted in accordance with his character, which is inadmissible pursuant to Fed. R. Evid. 404(b)(1).

## IV. CONCLUSION

WHEREFORE, based upon the foregoing, Defendant Shane Jenkins respectfully requests that this Honorable Court grant his motion *in limine* to preclude any admission of 404(b) evidence.

    Respectfully submitted,

    /s/ Dennis E. Boyle
    Dennis E. Boyle
    Blerina Jasari
    Boyle & Jasari
    1050 Connecticut Ave, NW
    Suite 500
    Washington, DC 20036
    dboyle@dennisboylelegal.com
    bjasari@dennisboylelegal.com
    Telephone: (202) 430-1900

    *Counsel for Defendant Shane Jenkins*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of January 2023, I electronically filed the foregoing document with the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Dennis E. Boyle
Dennis E. Boyle
