# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | Crim. No. 21-CR-00245 (APM) |
| **SHANE JENKINS,** : | |
| : | |
| **Defendant.** : | |
| : | |

## UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE DEFENSE-OF-OTHERS EVIDENCE AND ARGUMENT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following motion *in limine* to preclude the defendant from presenting evidence and argument at trial that he acted in defense of others.

## MEMORANDUM

The defendant participated in the riot on January 6, 2021. Having entered into restricted areas of the Capitol grounds, he joined other rioters in their substantial and persistent efforts to gain entrance to the Capitol Building via the Lower West Terrace tunnel. At that location, and as part of that effort, he hurled (9) nine different objects into the tunnel at Capitol Police and Metropolitan Police Department officers who were attempting to block the rioters' access to the Building. These objects included a desk drawer, a flagpole, and various other pole-like objects. He also attempted to break out a window of the Capitol Building not far from the Tunnel entrance. He used a metal tomahawk to do so. The defendant is charged with, among other offenses, violations of 18 U.S.C. § 111(a)(1) and (b).

### I. The Defendant Should Be Precluded From Arguing or Introducing Evidence that He Acted in Defense of Others.

In light of statements the defendant has made on social media, the United States believes that he may claim at trial that he was acting – and was justified in acting – in defense of some other rioter(s) when he assaulted and obstructed police officers engaged in their official duties at the Lower West Terrace tunnel.[1]  The United States is concerned the defendant will argue that his conduct in this situation was justified, necessary, and excusable under the circumstances.  The United States hereby moves the Court to issue a ruling prohibiting the articulation of this argument and the presentation of any evidence supporting the same because a defense-of-others defense is legally unavailable.

The United States submits that there is no evidence to support a claim of defense-of-others.  On the contrary, the available evidence undermines such a claim.  The United States submits that videos depicting the defendant's conduct at the Capitol, as well various statements of intent, make clear his true motivations and intentions.  Because the defendant cannot make a prima facie case for a defense-of-others affirmative defense, the Court should exclude any evidence or argument in support of such a claim.

United States Code Section 111 makes it a crime to "forcibly assault[ ], resist[ ], oppose[], impede[ ], intimidate[ ], or interfere[ ] with" a federal officer in the performance of the officer's duties.  18 U.S.C. § 111(a)(1).  A defendant charged under Section 111 may assert, as an affirmative defense, a theory of self-defense or defense-of-others, "which justifies the use of a reasonable amount of force against an adversary when a person reasonably believes that he [or another] is in *immediate danger of unlawful bodily harm* from his adversary and that the use of

---

[1] To be clear, the United States is unaware at this point in time of whether the Defense actually intends to raise a claim of defense-of-others (or self-defense) at trial.

2

such force *is necessary to avoid this danger."* United States v. Middleton, 690 F.2d 820, 826 (11th Cir. 1982) (emphasis added).

In *United States v. Slatten*, 395 F. Supp. 3d 45, 112-113 (D.D.C. 2018), a federal murder case, District Court Judge Royce C. Lamberth instructed the jury on defense-of-others as follows:

> Self-defense or defense-of-others is a complete defense to murder where Mr. Slatten actually believed that he or another person was in danger of serious bodily injury, and actually believed that the use of deadly force was necessary to defend against that danger and both of these beliefs were reasonable. Every person has the right to use a reasonable amount of self-defense or defense-of-others if: One, he <u>actually believes</u> he or another person is in imminent danger of bodily harm; and if, two, he has reasonable grounds for that belief. The question is not whether looking back on the incident you believe that the use of force was necessary. The question is whether Mr. Slatten, under the circumstances as they appeared to him at the time of incident, <u>actually believed</u> he or another person was in imminent danger of bodily harm, and could reasonably hold that belief. A person may use a reasonable amount of force in self-defense, including, in some circumstances, deadly force.

*Id.* (emphasis added). Judge Lamberth drew that instruction from the "Redbook." *See id.* (citing Barbra Bergman, *Criminal Jury Instructions for the District of Columbia* §§ 9.500, 9.501(B)-(C), 9.503 (5th ed. 2018)).

A defendant must satisfy five elements for a defense-of-others claim: (1) the defendant <u>actually believed</u> that another person was in danger of injury; (2) that belief was reasonable; (3) the defendant <u>actually believed</u> that the use of force was necessary to defend the person against the danger; (4) that belief was reasonable as well; and (5) the defendant used a reasonable amount of force in response. *See Slatten*, 395 F. Supp. 3d at 112-113 (emphasis added); *accord* Pattern Criminal Jury Instructions of the Seventh Circuit, 6.01 (2012 ed.) ("A person may use force when he reasonably believes that force is necessary to defend [himself/another person] against the imminent use of unlawful force."); Wayne R. LaFave, *Substantive Criminal Law* § 10.5, Defense-of-others (Dec. 2021) ("[O]ne is justified in using reasonable force in defense-of-others, even a

3

stranger, when he reasonably believes that the other is in immediate danger of unlawful bodily harm from his adversary and that the use of such force is necessary to avoid this danger.").

This defense, however, contains two important limitations. First, Congress enacted Section 111 "to protect both federal officers and federal functions." *United States v. Feola*, 420 U.S. 671, 679 (1975). As a result, "[a]n individual is not justified in using force for the purpose of resisting arrest or other performance of duty by a law enforcement officer within the scope of his official duties." *United States v. Drapeau*, 644 F.3d 646, 653 (8th Cir. 2011); *see also United States v. Branch*, 91 F.3d 699, 714 (5th Cir. 1996) ("[Self-defense] principles must accommodate a citizen's duty to accede to lawful government power and the special protection due federal officials discharging official duties."). Second, even in circumstances where an individual might be justified in using some force to resist a federal officer, that resistance must be reasonable under those circumstances. *See Abrams v. United States*, 237 F.2d 42, 43 (D.C. Cir. 1956) (observing that "the use of 'reasonable force' only would have been open to defendants"); *see also United States v. Wallace,* 368 F.2d 537, 538 (4th Cir. 1966) (explaining that Section 111 permits "reasonable force employed in a justifiable belief that it is exerted in self-defense"); *United States v. Perkins*, 488 F.2d 652, 655 (1st Cir. 1973) (defendant may be convicted under Section 111 where "he used more force than was necessary to protect the person or property of himself or others").

Moreover, a defendant has the initial burden of production to raise a defense-of-others claim. *See United States v. Branch*, 91 F.3d 699, 712 (5th Cir. 1996) (concerning the analytically identical self-defense justification). Only after the defendant meets his burden of production does the United States have the burden to disprove the defense beyond a reasonable doubt. *See id.* The United States is under no duty to affirmatively produce evidence to refute the defense-of-others claim. *See id*. For the defendant to satisfy the initial burden of production, "there must be

4

evidence [in the trial record] sufficient for a reasonable jury to find in [the defendant's] favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988).[2]

The defendant in this case will be unable to point to any evidence that the officers defending against the rioters' entrance into the Lower West Terrace tunnel used unlawful force, or otherwise acted outside the scope of their official duties, *see Drapeau*, 644 F.3d at 653; *Branch*, 91 F.3d at 714, let alone "used sadistic and malicious force . . . for the very purpose of causing [ ] harm," *see Waldman*, 835 F.3d at 755. As a result, the defendant cannot establish his right to act on another rioter's defense. It should be noted that a self-defense (or defense-of-others) claim is "reserved for 'extraordinary circumstances' which 'require nothing less than immediate emergency.'" *United States v. Sahakian*, 453 F.3d 905, 910 (7th Cir. 2006) (quoting *United States v. Bell*, 214 F.3d 1299, 1301 (11th Cir. 2000)). The defendant is unable to establish this affirmative defense.

It should be further noted that the defendant and other rioters were the aggressors in this situation. They came *toward* the police. They initiated the physical encounter that ensued. Instead of trying to avoid an altercation, they instigated one.[3] They knowingly, purposefully, and deliberately engaged physically with officers who were simply trying to stand their ground and prevent an angry mob from entering the Capitol Building. The participants of the January 6th riot should not be permitted to instigate violence, then claim that their violent conduct was justified in self-defense or defense-of-others. In other words, the participants of the riot created the situation

---

[2] *See also United States v. Biggs*, 441 F.3d 1069, 1071 (9th Cir. 2006) (To establish a prima facie case of self-defense, the defendant must make an offer of proof of "(1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances.")

[3] The fact that the defendant brought metal tomahawks with him to the riot suggests that he anticipated the need to use force.

5

in which they found themselves. "A defendant who provokes an encounter as a result of which he finds it necessary to use force to defend himself, . . . cannot claim that he acted in self-defense." 2 Charles E. Torcia, Wharton's Criminal Law § 190 (15th ed. 1994). Thus, no other rioter had a right to self-defense for a fight that he or she helped instigate. Much less did this defendant have the right to avenge that other rioter. See, e.g., *United States v. Lacey*, 1991 WL 256553 (6th Cir. (Tenn.))(unreported)(doubting whether felons should be permitted to come to the aid of others who are themselves engaged in illegal activity).

The defendant cannot show that each the elements of a defense-of-others defense is prima facially supported. If the law would not support a defense-of-others defense under these facts, the defendant has no right to raise it. The Seventh Circuit has reached this conclusion with respect to a claim of self-defense. *United States v. Haynes*, 143 F.3d 1089, 1890 (7th Cir. 1998)("A judge may, and generally should, block the introduction of evidence supporting a proposed defense unless all of its elements can be established"). The Eighth and Ninth Circuit have held that, if the defendant cannot present sufficient evidence to support each element of the affirmative defense of justification, then the defense cannot be presented at all. *United States v. Blankenship*, 67 F.3d 673 (8th Cir. 1995); *United States v. Wofford*, 122 F.3d 787 (9th Cir. 1997); see also, *United States v. Poole*, 1998 WL 911717 (4th Cir. (N.C.)) (unreported) (Court properly granted motion *in limine* precluding Defendant from presenting evidence to support purported justification defense); *United States v. Martin*, 1995 WL 88950 (4th Cir. (Va.))(unreported)(Court properly granted United States' motion *in limine* because proffered evidence was insufficient to support justification defense). The Fourth Circuit has articulated the same position with respect to the defense of duress. *United States v. Sarno*, 24 F.3d 618, 621 (4th Cir. 1994)(district court, having determined that defendant's evidence could not support one element of duress defense, properly excluded all testimony at trial as to duress defense).

The United States requests that the Court require that the Defense make a proffer as to the facts supporting a defense-of-others defense *prior to opening statements* so that the Court can assure itself that the defendant can make at least a *prima facie* showing as to each *Slatten* element. If the defendant cannot make such as preliminary showing, the Court should grant the Motion *in Limine* and prevent the Defense from articulating this claim. If the defense-of-others defense is legally unavailable, any evidence or argument presented to the jury in support of such a defense would be irrelevant, confusing, misleading, and unfairly prejudicial. F.R.E. 403.

## CONCLUSION

The defendant cannot meet the threshold for the availability of the affirmative defense. The Court should therefore preclude any argument by counsel, testimony, and or other evidence that the defendant was acting in defense of others when he hurled (9) nine different objects into the Lower West Terrace tunnel. Because the defense of defense-of-others cannot be proven, any evidence or argument presented to a jury in support of such a claim would be confusing, misleading, prejudicial, and inimical to the clear and logical resolution of legitimate factual issues. F.R.E. 403. It should be excluded.

Motions *in limine* are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Graves v. District of Columbia*, 850 F.Supp.2d 6, 10 (D.D.C. 2011) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1070 (3d Cir. 1990)). The United States presents this issue to the Court in an effort to prepare this case for an efficient trial. For the reasons set forth herein, the United States respectfully requests that this Court grant the government's motion *in limine* as set forth herein.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney


By: */s/ David J. Perri*
David J. Perri
Assistant United States Attorney Detailee
W.V. Bar No. 9219
United States Attorney's Office
1125 Chapline Street, Suite 3000
Wheeling, WV 26003
304-234-0100


By:  */s/ Holly F. Grosshans*
Holly F. Grosshans
Assistant United States Attorney
D.C. Bar No. 90000361
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-6737

## **CERTIFICATE OF SERVICE**

I, David J. Perri, Assistant United States Attorney for the District of Columbia, hereby certify that the foregoing UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE DEFENSE-OF-OTHERS EVIDENCE AND ARGUMENT has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to the following:

    Dennis Boyle, Esq.
    Blerina Jasari, Esq.
    Boyle & Jasari,
    1050 Connecticut Ave., NW
    Suite 500
    Washington, D.C. 20036

Dated: January 30, 2023.

                              By: */s/ David J. Perri*
                                    David J. Perri
                                    WV Bar Number: 9219
                                    Assistant United States Attorney Detailee
                                    United States Attorney's Office
                                    Northern District of West Virginia
                                    1125 Chapline St., Suite 3000
                                    Wheeling, WV 26003
                                    (304) 234-0100

                              By: */s/ Holly F. Grosshans*
                                    HOLLY F. GROSSHANS
                                    Assistant United States Attorney
                                    D.C. Bar No. 90000361
                                    U.S. Attorney's Office for the District of
                                        Columbia
                                    601 D Street, N.W.
                                    Washington, D.C. 20530
                                    (202) 252-6737