IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case No. 21-CR-245 (APM) |
| SHANE JENKINS, | : |
| Defendant. | : |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENSE-OF-OTHERS EVIDENCE AND ARGUMENT**

Defendant Shane Jenkins ("Mr. Jenkins"), by and through undersigned counsel, respectfully submits his response to the Government's Motion *In Limine* to preclude a claim of defense-of-others. In support of his response, Mr. Jenkins states as follows:

## BACKGROUND

On January 6, 2021, Mr. Jenkins travelled to Washington, D.C. to listen to former President Donald J. Trump's speech. He was one of thousands of individuals who then walked to the U.S. Capitol after President Trump issued a call to action. On March 5, 2021, Mr. Jenkins was arrested in Houston, Texas, on an arrest warrant issued by the United States District Court for the District of Columbia.

In a Second Superseding Indictment, Mr. Jenkins has been charged with one count of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count I); one count of Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2) and 2 (Count II); one count of Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1) and (b) (Count III); one count of Theft of Government Property, in violation of 18 U.S.C. § 641 9 (Count IV); one count of Destruction of Government Property, in violation of 18 U.S.C. § 1361 (Count V); one count of Entering and

1

Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Count VI); one count of Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Count VII); one count of Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A) (Count VIII); one count of Disorderly Conduct in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count IX); and one count of Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F) (Count X). [ECF 43].

## ARGUMENT

The affirmative defense claims of self-defense and defense-of-others are justified when "the use of a reasonable amount of force against an adversary when a person reasonably believes that he [or another] is in immediate danger of unlawful bodily harm from his adversary and that the use of such force is necessary to avoid this danger." *United States v. Middleton*, 690 F.2d 820, 826 (11th Cir. 1982). Defense-of-others requires that (1) the defendant actually believed that another person was in danger of injury; (2) that belief was reasonable; (3) the defendant actually believed that the use of force was necessary to defend the person against the danger; (4) that belief was reasonable as well; and (5) the defendant used a reasonable amount of force in response. *See United States v. Slatten*, 395 F. Supp. 3d 45, 112-113 (D.D.C. 2018).

In determining whether force is reasonably necessary to defend a third person, the focus is on the intervenor's, not the victim's, "reasonable perceptions of the situation." *Frost v. United States,* 618 A.2d 653, 661 (D.C. 1992). The intervenor must demonstrate that "he reasonably and actually believed that the other person had a right of self-defense." *Id.* (citing *Fersner v.*

2

*United States,* 482 A.2d 387, 390 (D.C. 1984)); Standardized Civil Jury Instructions for the District of Columbia § 19.06 (2007).

In order to invoke a proper claim of self-defense, a defendant must demonstrate that: (1) there was an actual or apparent threat; (2) the threat was unlawful and immediate; (3) the defendant honestly and reasonably believed that he was in imminent danger of death or serious bodily harm; and (4) the defendant's response was necessary to save himself from the danger. *Brown v. United States,* 619 A.2d 1180, 1182 (D.C. 1992). Although a jury's focus is on the intervenor's "reasonable perceptions of the situation, ... [t]he victim's perception of the situation, however, is still relevant 'to determine what the intervenor's perceptions actually and reasonably were.'" *Muschette v. United States,* 936 A.2d 791, 799 (D.C. 2007) (citing *Fersner,* 482 A.2d at 392).

When determining the existence of self-defense or defense-of-others, "the credibility and force of … evidence must be for the jury and cannot be matter of law for the decision of the court." *Kinard v. United States*, 96 F.2d 522, 526 (D.C. Cir. 1938) (*citing Stevenson v. United States*, 162 U.S. 313, 315-16 (1896). Evidence, including live testimony, may be presented before or during trial. *See Griffin v. United States*, 183 F.2d 990, 992 (D.C. Cir. 1950) (Holding that "When a defendant claims self-defense and there is substantial evidence, though it be only his own testimony, that the deceased attacked him, evidence of uncommunicated threats of the deceased against the defendant is admissible."); *see also United States v. Alvarez,* 755 F.2d 830, 842 n.12 (11th Cir. 1985).

The defendant bares the initial burden to present "any evidence that he acted in self-defense [or defense-of-others.]" *Waters v. Lockett*, 896 F.3d 559, 569 (D.C. Cir. 2018); *see also United States v. Branch*, 91 F.3d 699, 712 (5th Cir. 1996) (concerning the analytically identical

3

self-defense justification). For the defendant to satisfy this initial burden of production, "there must be evidence [in the trial record] sufficient for a reasonable jury to find in [the defendant's] favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988). Only after the defendant meets his burden of production does the United States have the burden "to prove beyond a reasonable doubt the absence of self-defense or defense-of-others" claims. *United States v. Slatten*, 395 F. Supp. 3d 45, 112–13 (D.D.C. 2019), *see also Parker v. United States*, 155 A.3d 835, 842 (D.C. 2017)).

Here, the government is seeking to preclude an affirmative defense of defense-of-others prematurely. The initial burden to present evidence of self-defense or defense-of-others, whether before or during trial, belongs to the defendant. *Lockett*, 896 F.3d at 569. For example, Mr. Jenkins may claim defense-of-others by presenting evidence in the form of testimony during trial. Once this evidence has been presented, the government may then present evidence for why defense-of-others is improper.

Further, the government cites multiple cases where the Circuit Court ruled a defendant had no right to raise an affirmative defense during trial. Gov. Mot. at 6. However, in all of the cited cases, the trial courts allowed the defendants to proffer evidence regarding the affirmative defense he or she was attempting to invoke. For example, in *United States v. Wofford*, 122 F.3d 787, 789 (9th Cir. 1997), the defendant took the stand and offered a justification defense and presented evidence during trial. Furthermore, the government cites to *United States v. Sarno*, where the Circuit Court held "[w]hether an affirmative defense is established is a factual issue that is usually a function of the jury, and the trial court rarely rules on a defense as a matter of law. 24 F.3d 618 621 (4th Cir. 1994). The government has filed this motion prematurely, and the

ruling on whether this affirmative defense can be asserted should be decided once the record has been established during trial.

The government also states that there are limitations to the affirmative defense of defense-of-others; specifically, that an individual is not justified in using force against a law enforcement officer. *See* Gov. Mot. at 4. However, whether the force used by law enforcement officers was excessive and the response was reasonable under the circumstances are both factors that must be considered. *United States v. Drapeau*, 644 F.3d 646, 654 (8th Cir. 2011); *see also United States v. Branch*, 91 F.3d 699, 715 (5th Cir. 1996) (stating that the complete record established that the actions committed by defendant were "objectively unreasonable under the circumstances."); *see also United States v. Wallace*, 368 F.2d 537, 538 (4th Cir. 1966) (holding that Section 111 permits an individual to use reasonable force under the circumstances when resisting arrest by a federal officer).

Mr. Jenkins, whom has the burden of presenting an affirmative defense, has not had any opportunity to present evidence of a defense-of-others justification; therefore, it cannot be determined whether the actions Mr. Jenkins took toward federal officers were reasonable under the circumstances.

Furthermore, the government alleges that Mr. Jenkins, amongst other protestors, was the initial aggressor on law enforcement officers and that Mr. Jenkins cannot point to any evidence that the officers defending against the rioters used unlawful force, or otherwise acted outside the scope of their official duties. *See* Gov. Mot. at 5. This argument fails for several reasons. First, Mr. Jenkins stands before this Court as an individual defendant and his actions must be assessed individually. What other protestors may or may not have done in or around the Capitol Building are irrelevant to Mr. Jenkins' actions on that day. Second, asserting the affirmative defense of

defense-of-others is reasonable because there is ample evidence that shows that Capitol police officers physically attacked individuals by pushing them, hitting them with batons, and indiscriminately spraying mace into crowds of people. Third, as set forth in detail above, it is the function of the jury to determine the facts surrounding the government's allegations against Mr. Jenkins. *Kinard*, 96 F.2d at 526 ("It is the function of the jury, under proper instructions, to determine whether [self-defense or defense-of-others] is available to the accused under the circumstances of the particular case."). With its motion, the government is seeking to prevent the jury from exercising this central function.

Ultimately, whether Mr. Jenkins acted in self-defense or defense-of-others must be determined by the fact-finder, *i.e.*, the jury. *See Waters*, 896 F.3d at 569 (*citing Brown*, 256 U.S. at 344. It is not a "matter of law for the decision of the court." *Kinard*, 96 F.2d at 526 (*citing Stevenson*, 162 U.S. at 315-16). For the same reason, the Court should also not allow a pre-trial proffer of facts to allow the parties to argue, and the Court to decide, whether Mr. Jenkins is entitled to defense-of-others.

Here, Mr. Jenkins has not had the opportunity to present any evidence at trial to meet his burden of demonstrating a defense-of-others claim.

The government's motion must be denied.

## CONCLUSION

Based upon the foregoing, Defendant Shane Jenkins respectfully requests that the Government's Motion *In Limine* with regard to precluding a claim of defense-of-others be denied.

Dated: February 13, 2023                    */s/ Dennis E. Boyle*
                                                                                   Dennis E. Boyle
                                                                                  Blerina Jasari
                                                                                  Boyle & Jasari

                                                1050 Connecticut Ave, NW
                                                Suite 500
                                                Washington, D.C., 20036
                                                Email: dboyle@dennisboylelegal.com
                                                           bjasari@dennisboylelegal.com
                                                Phone: (202) 798-7600

                                                *Counsel for Defendant Shane Jenkins*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2023, a true and correct copy of the foregoing document has been served electronically on counsel of record for all parties.

*/s/ Dennis E. Boyle*
Dennis E. Boyle, Esquire