**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|                                    |   |                                  |
|------------------------------------|---|----------------------------------|
| **UNITED STATES OF AMERICA**       | : |                                  |
|                                    | : |                                  |
| **v.**                             | : | **Case No. 21-CR-245 (APM)**     |
|                                    | : |                                  |
| **SHANE JENKINS,**                 | : |                                  |
|                                    | : |                                  |
| **Defendant.**                     | : |                                  |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE*
REGARDING EVIDENCE ABOUT THE SPECIFIC LOCATIONS OF U.S. CAPITOL
POLICE SURVEILLANCE CAMERAS**

Defendant Shane Jenkins ("Mr. Jenkins"), by and through undersigned counsel, respectfully submits his response to the Government's Motion *In Limine* to limit the defendant on presenting evidence about the specific locations of U.S. Capitol Police Surveillance Cameras. In support of his response, Mr. Jenkins states as follows:

**INTRODUCTION**

The government states that to establish a violation of 18 U.S.C. § 231(a)(3) it will offer footage from Capitol Police cameras showing the crowd occupying restricted areas, breaching police lines, and assaulting police. A Capitol Police witness who was present in the Command Center on January 6, 2021, is expected to explain how the Capitol Police monitored and responded to the violent mob.  The government's motion requests that any evidence about the exact locations of cameras, and the maps used to locate the cameras, should be excluded in light of the ongoing security needs of the Capitol.  Furthermore, the government argues that even if the evidence to be excluded is marginally relevant, such relevance is substantially outweighed by the danger to national security. *See United States v. Mohammed*, 410 F. Supp. 2d 913, 918 (S.D. Cal. 2005).

1

While the defense has no intention of presenting the camera map at trial or questioning witnesses about the exact location of the surveillance cameras, it still requests this motion be denied and the issue be preserved for trial because the defense is unaware of the government's presentation of evidence regarding the footage, and the defense cannot foreclose the possibility this information will become relevant on cross-examination.

## BACKGROUND

On January 6, 2021, Mr. Jenkins travelled to Washington, D.C. to listen to former President Donald J. Trump's speech. He was one of thousands of individuals who then walked to the U.S. Capitol after President Trump issued a call to action. On March 5, 2021, Mr. Jenkins was arrested in Houston, Texas, on an arrest warrant issued by the United States District Court for the District of Columbia.

In a Second Superseding Indictment, Mr. Jenkins has been charged with one count of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count I); one count of Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2) and 2 (Count II); one count of Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1) and (b) (Count III); one count of Theft of Government Property, in violation of 18 U.S.C. § 641 9 (Count IV); one count of Destruction of Government Property, in violation of 18 U.S.C. § 1361 (Count V); one count of Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Count VI); one count of Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Count VII); one count of Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A) (Count VIII); one count of Disorderly Conduct in the Capitol Grounds

or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count IX); and one count of Act of

Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F)

(Count X). [ECF 43].

## ARGUMENT

A district court has the discretion to limit a criminal defendant's presentation of evidence

and cross-examination of witnesses. *See Alford v. United States*, 282 U.S. 687 (1931); *United*

*States v. Whitmore*, 359 F.3d 609, 615-16 (D.C. Cir. 2004) ("The district court . . . has

considerable discretion to place reasonable limits on a criminal defendant's presentation of

evidence and cross-examination of government witnesses."). Further, a district court has the

discretion to prohibit cross-examination that goes beyond matters testified to on direct

examination. Fed. R. Evid. 611(b). However, limiting a defendant's opportunity to cross-

examine a witness can violate his or her Constitutionally protected right to confront a witness.

*Delaware v. Fensterer*, 474 U.S. 15, 20 (1985).

The Sixth Amendment's Confrontation Clause guarantees a defendant the right "to be

confronted with the witnesses against him." U.S. Const. amend VI. A defendant's right to cross-

examine, with the opportunity to impeach, an adverse witness "is the main and essential

purpose" of the Confrontation Clause. *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). Bias

and improper motive evidence has been favored as a basis for attacking the credibility of and

weight to be given testimony. *United States v. Abel*, 469 U.S. 45, 51 (1984). "[E]xposure of a

witness' motivation in testifying is a proper and important function of the constitutional right of

cross-examination." *Davis v. Alaska*, 415 U.S. 308, 316–17 (1974).

Even when the law categorically limits the scope of cross-examination in some manner

(see e.g., Fed. R. Evid. 412) courts must still balance the government's legitimate interest in

enacting such laws against a defendant's right to confront a particular witness with relevant matters…. *See Michigan v. Lucas*, 500 U.S. 145, 149–151 (1991).

In order to prove violations of Counts Two, Four, and Six of the Superseding Indictment, the government plans to offer footage from Capitol Police cameras showing the crowd occupying restricted areas, breaching police lines, and assaulting police.  The government intends to call a Capitol Police officer as a witness who was present in the Command Center on January 6, 2021, to explain how the Capitol Police monitored and responded to the violent mob. The defense is unaware of how the government will proceed with its presentation of evidence, and the defense should be allowed to cross-examine the Capitol Police officer on relevant information if it deems necessary to do so during trial.

The government in its motion also requests Mr. Jenkins be precluded from introducing any evidence regarding the exact locations of Capitol Police Cameras due to the ongoing security needs of the Capitol.  While the Defense does not intend to present the camera map at trial or question witnesses about the exact location of the surveillance cameras, it still requests this motion be denied and preserved for trial because the defense is unaware of the government's presentation of evidence and the defense cannot foreclose the possibility this information will become relevant on cross-examination.  The scope of what evidence is admissible should be handled during trial based on a relevance standard, whereas currently, this matter is premature.

The government's motion is premature and must be denied.

## CONCLUSION

Based upon the foregoing, Defendant Shane Jenkins respectfully requests that the

Government's Motion *In Limine* to limit the defendant on presenting evidence about the specific

locations of U.S. Capitol Police Surveillance Camera be denied.

Dated: February 13, 2023

*/s/ Dennis E. Boyle*
_____
Dennis E. Boyle
Blerina Jasari
Boyle & Jasari
1050 Connecticut Ave, NW
Suite 500
Washington, D.C., 20036
Email: dboyle@dennisboylelegal.com
         bjasari@dennisboylelegal.com
Phone: (202) 798-7600

*Counsel for Defendant Shane Jenkins*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2023, a true and correct copy of the foregoing

document has been served electronically on counsel of record for all parties.


*/s/ Dennis E. Boyle*
Dennis E. Boyle, Esquire