IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-CR-245 (APM) |
| | : |
| SHANE JENKINS, | : |
| | : |
| Defendant. | : |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE*
REGARDING CROSS-EXAMINATION OF U.S. SECRET SERVICE WITNESS**

Defendant Shane Jenkins ("Mr. Jenkins"), by and through undersigned counsel, respectfully submits his response to the Government's Motion *In Limine* to limit the cross-examination of a United States Secret Service witness. In support of his response, Mr. Jenkins states as follows:

**BACKGROUND**

On January 6, 2021, Mr. Jenkins travelled to Washington, D.C. to listen to former President Donald J. Trump's speech. He was one of thousands of individuals who then walked to the U.S. Capitol after Trump issued a call to action. On March 5, 2021, Mr. Jenkins was arrested in Houston, Texas, on an arrest warrant issued by the United States District Court for the District of Columbia.

In a Second Superseding Indictment, Mr. Jenkins has been charged with one count of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count I); one count of Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2) and 2 (Count II); one count of Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1) and (b) (Count III); one count of Theft of Government Property, in violation of 18 U.S.C. § 641 9 (Count IV); one count of Destruction of

1

Government Property, in violation of 18 U.S.C. § 1361 (Count V); one count of Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Count VI); one count of Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Count VII); one count of Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A) (Count VIII); one count of Disorderly Conduct in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count IX); and one count of Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F) (Count X). [ECF 43].

## ARGUMENT

In Counts One (1), Six (6), Seven (7), and Eight (8) of the Superseding Indictment, the defendant, Shane Jenkins, is charged with violating 18 U.S.C. § 231. This statute defines "restricted buildings or grounds" to include any building or grounds temporarily visited by a person being protected by the Secret Service. 18 U.S.C. § 1752(c)(1)(B).

The government intends to call a witness from the United States Secret Service to testify that at the time of the Capitol breach, Secret Service agents were on duty to protect Vice President Mike Pence and his two immediate family members, all of whom were present at the Capitol. These officials will further testify about the Capitol breach's effect on the Secret Service's protection of Vice President Pence and his family members. Specifically, the government's motion is foreclosing the defendant from questioning the witnesses about the following: 1. Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur; and 2. Details about the nature of Secret Service protective details, such as the number and type of

agents the Secret Service assigns to protectees. The government's motion should be denied because defendant has the right to cross-examine a government's witness regarding any relevant information pertinent to his case. Also, this motion is premature because we do not know exactly what the Secret Service Agent will testify about, therefore, the cross-examination should be limited during trial.

The Sixth Amendment's Confrontation Clause guarantees a defendant the right "to be confronted with the witnesses against him." U.S. Const. amend VI. A defendant's right to cross-examine, with the opportunity to impeach, an adverse witness "is the main and essential purpose" of the Confrontation Clause. *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). Bias and improper motive evidence has been favored as a basis for attacking the credibility of and weight to be given testimony. *United States v. Abel*, 469 U.S. 45, 51 (1984). "[E]xposure of a witness' motivation in testifying is a proper and important function of the constitutional right of cross-examination." *Davis v. Alaska*, 415 U.S. 308, 316–17 (1974).

While the right to unlimited cross-examination concerning any topic is not constitutionally guaranteed, a criminal defendant does have a right within reasonable limits to cross-examine an adverse witness concerning matters that could reveal biases for the prosecution, biases against the defendant, a motivation to lie, or matters that call into question the credibility of the witness (e.g., prior inconsistent statements that the witness gave). *Van Arsdall* at 678–79; *see also Olden v. Kentucky*, 488 U.S. 227 (1988); *Davis*, 415 U.S. 308.

Even when the law categorically limits the scope of cross-examination in some manner (see e.g., Fed. R. Evid. 412) courts must still balance the government's legitimate interest in enacting such laws against a defendant's right to confront a particular witness with relevant matters concerning the witness' credibility. *See Michigan v. Lucas*, 500 U.S. 145, 149–151

3

(1991); *see also* Clifford S. Fishman, Consent, Credibility, and the Constitution: Evidence Relating to a Sex Offense Complainant's Past Sexual Behavior, 44 Cath. U. L. Rev. 709 (1995) (discussing constitutional challenges to rape shield laws). Depending on the circumstances, courts have held that the application of such a law may violate the Confrontation Clause. *Compare e.g., United States v. Begay*, 937 F.2d 515, 520–23 (10th Cir. 1991) (finding a constitutional violation); *Davis v. State*, 749 N.E.2d 552 (Ind. Ct. App. 2001) (same); and *State v. Atkinson*, 276 Kan. 920 (2003) (same), with *Quinn v. Haynes*, 234 F.3d 837 (4th Cir. 2000) (finding no violation).

The government's citations in its motion involved different facts. *United States v. Balistreri* involved i) motions for mistrial and new trial, when an Agent refused to answer the question whether he lived in New York or California in a trial with allegations of organized crime and ii) cross-examination of another agent regarding the sealed portion of a telex about which that agent did not testify on direct examination and which did not pertain to the charges in the case. 779 F.2d 1191, 1215–17 (7th Cir. 1985).

*United States v. Lin* involved an insufficient proffer of a basis for a prejudicial line of cross-examination of a witness. 101 F.3d 760, 768 (D.C. Cir. 1996). Lin argued that he was targeted by the government's witness because he worked for a Chinatown gambling parlor in competition with the witness' own gambling parlor. During cross-examination, Lin's counsel attempted to impeach the witness by asking whether he was involved in a Chinatown gambling business. When the government objected on relevance grounds, the court requested a proffer. Lin's attorney claimed that the question went to bias and motive to lie, arguing that the witness and others sought to remove Lin from the Chinatown gambling scene. He asserted that the witness was involved in several shady businesses. Asked to show a basis for the allegation,

Lin's attorney explained that the only witness he had was his client. Although the court offered to hold a hearing outside the presence of the jury, defense counsel would not accede to his client taking the stand.

*United States v. Sampol* involved limiting cross-examination of an alleged CIA murder scheme until the defense put forth sufficient evidence of an affirmative defense. 636 F.2d 621, 663–64 (D.C. Cir. 1980). *United States v. Stamp* involved limiting cross-examination regarding an affirmative defense that had not been addressed on direct. 458 F.2d 759, 773 (D.C. Cir. 1971).

*United States v. Mohamed* involved whether classified documents contained Brady and Giglio material (*see Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972)) and subject to Rule 16 (see Fed. R. Crim. P. 16), that would have provided a basis for cross-examination. 410 F. Supp. 2d 913, 918 (S.D. Cal. 2005). Although Federal Rule of Evidence 403 was cited in *Mohamed*, Mr. Reffitt is the one who would be prejudiced by denying cross-examination that addresses the charges, addresses what the government has proffered in its Motion (Doc. 49 at 1–2), and allowing the jury to be misled.

In this case, Mr. Jenkins has not been presented with any opportunity to determine whether certain questions on cross-examination are relevant to his case. In the cases the government cites to, the defense had opportunities to either hear the testimony of a witness before determining whether the questions on cross-examination were relevant or the defense was presented with an opportunity to proffer a line of questioning that would be asked on cross-examination to determine any relevance.

The government intends to have agents testify regarding Counts One (1), Six (6), Seven (7), and Eight (8) of the Superseding Indictment that a) "Secret Service agents were on duty to protect Vice President Mike Pence and his two immediate family members, all of whom were

5

present at the Capitol[;]" and b) "the effect on the Secret Service's protection of Vice President Pence and his family members." Gov. Mot. at 5-6.  Cross-examination would address the charges and what the government has proffered in its Motion. *Ibid.*  Denial of cross-examination would mislead the jury, violate the right of confrontation, and render the proceeding fundamentally unfair. U.S. Const. amend. V, VI.

Secret Service protocols and protective detail specifics have neither been requested nor sought by process.  However, if the government has additional materials about the defendant that it has still not disclosed, such as *Brady* or *Giglio* material, then it needs to be addressed appropriately.

The government's motion must be denied.

## CONCLUSION

Based upon the foregoing, Defendant Shane Jenkins respectfully requests that the Government's Motion *In Limine* to limit the cross-examination of a United States Secret Service witness be denied.

Dated: February 13, 2023                */s/ Dennis E. Boyle*
                                                      Dennis E. Boyle
                                                     Blerina Jasari
                                                     Boyle & Jasari
                                                     1050 Connecticut Ave, NW
                                                     Suite 500
                                                     Washington, D.C., 20036
                                                     Email:  dboyle@dennisboylelegal.com
                                                                bjasari@dennisboylelegal.com
                                                     Phone: (202) 798-7600

                                                   *Counsel for Defendant Shane Jenkins*


**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2023, a true and correct copy of the foregoing document has been served electronically on counsel of record for all parties.

>*/s/ Dennis E. Boyle*
>Dennis E. Boyle, Esquire