UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No.: 21-CR-245 (APM) |
| v. : | |
| : | |
| SHANE JENKINS, : | |
| : | |
| Defendant. : | |
| : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION**
***IN LIMINE* AS TO 404(b) EVIDENCE**

The United States of America respectfully responds in opposition to "Defendant Shane Jenkins' Motion to Preclude Admission of 404(b) Evidence Noticed by the Government" [ECF No. 53] and respectfully requests that the same be denied as without merit for the reasons set forth below.

**MEMORANDUM**

This case arises from the January 6, 2021 attack on the United States Capitol. On September 21, 2022, a federal grand jury in the District of Columbia returned a 10-count Superseding Indictment in the above-captioned case that includes various charges based on the defendant's assaultive and obstructive conduct during the riot. Notably, the offenses with which the defendant is presently charged include Obstruction of Law Enforcement During Civil Disorder [18 U.S.C. § 231(a)(3)] and Assault on a Federal Officer [18 U.S.C. § 111(a)(1), (b)]. The various charges stem from his participation in an effort by numerous rioters to enter the U.S. Capitol Building by way of the Lower West Terrace tunnel, which was being blocked by officers. He threw (9) nine different objects at the officers. He also attempted to break out a nearby window using a metal tomahawk that he had brought

1

with him to the riot.

In the instant Motion, the defendant seeks to preclude the admission of F.R.E. 404(b) evidence which was noticed to the Defense on January 24, 2023 via letter.[1]  The evidence in question consists of approximately (5) five prior convictions.

   a) *Notice*

On the subject of notice, Federal Rule of Evidence Rule 404 states as follows:

3) **Notice in a Criminal Case.**  In a criminal case, the prosecutor must:

   A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;

   B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

   C) do so in writing before trial – or in any form during the trial if the court, for good cause, excuses lack of pretrial notice.

F.R.E. 404(b)(3).

The United States informed the Defense of its intention to introduce as F.R.E. 404(b) evidence the defendant's convictions for

   **Resisting Arrest/Search/Transport** (Fort Worth, TX – 2014) (misdemeanor);
   **Evading Arrest/Detention with Vehicle** (Hurst, TX – 2008) (felony);
   **Resisting Arrest/Search/Transport** (Denton, TX – 2004) (misdemeanor);
   **Assault Causes Bodily Injury** (Fort Worth, TX – 2001) (misdemeanor); and
   **Aggravated Assault Causes Bodily Injury** (Haltom City, TX – 2001) (felony).

The United States further informed the Defense as to the purpose for which it intends to offer the evidence.  The letter notice advised as follows:

---

[1] This letter was attached to the defendant's Motion.  [ECF No. 53]

2

We believe the listed prior offenses will be relevant to show knowledge, motive, criminal intent, and absence of mistake in connection with the aforementioned charges stemming from the defendant's conduct on January 6th.

At the time the letter was written, it was not possible for the United States to provide further information about the conduct underlying those prior convictions. Having very recently obtained additional information, the United States is now able to do so. [2]

**Resisting Arrest/Search/Transport** (Fort Worth, TX – 2014) (misdemeanor)

A deputy responded to a call about an assault at a house of burlesque. The defendant had punched another patron in the face. The defendant resisted the deputy's efforts to place him under arrest. He ignored commands to stop resisting. During the physical altercation, he struck the deputy in the face with his elbow, causing injuries. This incident occurred in Fort Worth, Texas in 2013.

**Evading Arrest/Detention with Vehicle** (Hurst, TX – 2008) (felony)

Officers responded to a call about an incident at a bar that involved a threat. Officers encountered the defendant driving nearby. He evaded attempts to conduct a traffic stop. Once stopped, the defendant got out of the vehicle and resisted arrest. Despite being uncooperative, he was placed in handcuffs. He then became very combative. It was necessary to spray him with OC spray more than once. The defendant continued to be combative despite being sprayed in the face. After officers managed to get him into a cruiser, he kicked out one of the rear passenger windows of the vehicle, and then continued kicking that door until only the metal frame remained intact. He attempted to kick and bite the officers throughout the incident. This incident occurred in December of 2006 in Hurst, Texas.

**Resisting Arrest/Search/Transport** (Denton, TX – 2004) (misdemeanor)

No further information is available at this time.

---

[2] It may be noted that the United States is in the process of obtaining certified court documents regarding the convictions.

**Assault Causes Bodily Injury** (Fort Worth, TX – 2001) (misdemeanor)

The defendant perpetrated an assault on a concerned citizen who was attempting to break up a fight in an alley near a bar. He struck the victim in the head from behind, knocking him to the ground, and then struck and kicked the injured victim. The defendant ignored commands from and ran from uniformed police officers after they interrupted the ongoing assault. This incident occurred in 2001 in Fort Worth, Texas.

**Aggravated Assault Causes Bodily Injury** (Haltom City, TX – 2001) (felony).

The defendant was stopped on the street in Denton, Texas by a uniformed officer for apparent public intoxication and was found to have an outstanding warrant. After being handcuffed, the defendant became belligerent and physically combative. When he was advised that he would be sprayed with OC if he did not comply, the defendant said, "Do it, motherfucker" and became combative again after being sprayed. He resisted the efforts of officers several more times on the way to and upon arrival at the jail. At one point, while an officer was trying to gain control of him on the ground, he kicked the officer in the back of the head with his heel, causing him to have concussion-like symptoms. He screamed obscenities at officers throughout the incident. This incident occurred in 2000.

It should be recalled that the purpose for the notice requirement set forth in F.R.E. 404(b)(3) is simply to prevent surprise and prejudice to the defendant at trial. The Rule does not indicate what form the United States' notice must take, or how specific that notice must be. In the event that the Court should deem the notice provided in this case insufficient in any way, this Response will serve to supplement and clarify it. The defendant does not - and cannot - claim either surprise or prejudice, especially since the original notice was timely, and since this Response is being filed more than a

month before trial.[3]

   b) *Relevance*

There is a two-pronged test for determining whether evidence of prior crimes is admissible under Rule 404(b). First, the evidence must be "probative of a material issue other than character." *United States v. Miller*, 895 F.2d 1431, 1435 (D.C. Cir. 1990) (citation omitted). Second, the evidence must be subjected to the balancing test of Federal Rule of Evidence 403, which renders it inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value. *Id.*

It cannot be disputed that one of the most common uses of Rule 404(b) evidence is to help prove *mens rea*, which, of course, is not in a specific act in and of itself, but rather, the mental state with which the *actus reus* must be performed. And it is for this purpose that the evidence will be introduced in this case.

The defendant complains that the United States has not set forth its reasoning for how the proposed evidence is relevant to show *mens rea*. [See Motion at p. 3-4]  Because the United States is not privy to Defense strategy and does not receive advance warning of what a defendant is going to claim in argument or testimony, it is difficult for the United States to articulate at an early juncture a precise explanation of the relevance of proposed F.R.E. 404(b) evidence. The United States does, however, believe that this defendant may claim he had some other purpose for engaging in violent

---

[3] Indeed, as to the question of how far in advance a defendant must receive notice, the Rule itself contemplates situations in which the notice requirement is excused and other crimes evidence admitted *during* trial. F.R.E. 404(b)(3)(c). The 2020 Amendments to the Rule explain that ". . . in some cases[,] an additional permissible purpose for the evidence may not become clear until just before , or even during, trial."

acts at the Capitol – that is, some purpose other than to harm, impede, oppose, interfere with, and/or obstruct law enforcement. If so, these prior convictions will help establish *mens rea* by showing that he has acted with the deliberate intention of harming, impeding, opposing, interfering with, and obstructing law enforcement on a previous occasion. This evidence tends to show that the defendant purposefully, violently engaged with police because they were preventing him and others from entering the Capitol Building, with no regard for the legality of his actions. It tends to show the defendant's intentions and motives were exactly as they appear to be from the video evidence.

As to the age of these convictions, the defendant cites no authority indicating that the prior offense must occur within the time period of the events in question in this case.[4] [See Motion at p. 5] The defendant also misunderstands the relevance concept as it applies to (404)(b) evidence and proof of *mens rea*. It is not necessary that the prior offenses have anything to do with Donald Trump or an election. The instant charges have much broader application. They have to do with obstruction and resistance to law enforcement officers doing their sworn duty. This is exactly what the defendant is alleged to have done at the Capitol. Nor does the defendant explain why the age of a conviction would necessarily make it less relevant to show *mens rea*.

c) **Balancing test**

Evidence admissible under Rule 404(b) is, of course, subject to the restrictions of Rule 403. Its probative value must not be substantially outweighed by the danger of unfair prejudice. *United States v. Moore*, 732 F.2d 983, 987 (D.C. Cir. 1984). The potential for prejudice is not unique to

---

[4] The defendant appears to be suggesting that the "time period" in which the prior bad act occurs must be framed by the date(s) set forth in an indictment. In this instance, that time period would be the span of one day. There is no authority for such a proposition. And such a constraint would eviscerate the usefulness of the Rule.

this case but is, rather, simply endemic to all Rule 404(b) evidence. Accordingly, the Defense must instead show "compelling or unique" evidence of prejudice, *United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995). He has not done so.

Furthermore, given that all incriminating evidence is prejudicial to a defendant, the proposed evidence must be shown to be *unfairly* prejudicial. See *Huddleston v. United States*, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence"); *United States v. Cassell*, 292 F.3d 788, 796 (D.C. Cir. 2002) (quoting *Dollar v. Long Mf'g, N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) for the proposition that "[v]irtually all evidence is prejudicial or it isn't material. The prejudice must be "unfair."); *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("Rule 403 does not bar powerful, or even prejudicial evidence. Instead, the Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger *substantially* outweigh[s] the evidence's probative value.") (citations and punctuation omitted) (emphasis in original).

Moreover, it should be noted that "Rule 404(b) is a rule of inclusion rather than exclusion." *United States v. Douglas*, 482 F.3d 591, 596 (D.C. Cir. 2007) (quoting *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000)). Evidence of other bad acts by a defendant are admissible under the rule unless they "lack[] any purpose but proving character." *Bowie*, 232 F.3d at 930; *United Cassell*, 292 F.3d at 792 (citing *United States v. Miller*, 895 F.2d. 1431, 1436 (D.C. Cir. 1990) (emphasis in original) ("True, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . .

7

under Rule 404(b), '*any* purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character.'").

In this case, there is no factual issue as to what conduct was undertaken by this defendant – it has been memorialized in video footage recorded by multiple cameras from multiple vantage points. Nor can there be any dispute about as to the nature of the context in which the defendant's conduct took place. The facts and circumstances of the January 6th riot, including the nature of the official proceeding taking place inside, are well-known. The dispute in this case will likely pertain to whether the defendant's actions are legally sufficient to establish the charged offenses, and whether he acted with the requisite mental state. See, e.g., *United States v. Walker*, 470 F.3d 1271, 1273-74 (8th Cir. 2006) (holding defendant's prior conviction of armed robbery admissible under 404(b) to address material issue of his knowledge of the presence of a firearm and intent to possess it). In a case such as this where the defendant did not make admissions to Agents about what he did at the Capitol and why, any and all evidence of *mens rea* becomes highly relevant and highly probative. See *Huddleston*, 485 U.S. at 685 (noting that evidence of extrinsic acts is admissible and, in fact, "may be critical, . . . especially when th[e] issue involved the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct.")

The Resisting/Evading offenses demonstrate the defendant's deliberate disregard of and opposition to the lawful authority of law enforcement. In those instances, he defied Officers' lawful attempts to place him under arrest. The United States alleges that, in this case, he resisted, opposed, obstructed, impeded, and interfered with law enforcement officers who were properly trying to prevent unauthorized access to the U.S. Capitol Building, ensure the safety of lawmakers, and prevent rioters from disrupting the certification proceeding that was occurring within. The

defendant may claim that he had other intentions, or that he was somehow laboring under a misunderstanding. The probative nature of any evidence to the contrary is obvious.

The Assault offenses demonstrate the defendant's willingness and sheer determination to resist and cause bodily harm to a law enforcement officer despite the lawful exercise of authority and the use of spray to gain his compliance. He is alleged in this case to have committed assaults by throwing various objects – to include a desk drawer – at the officers blocking the entrance to the Lower West Terrace tunnel. He was sprayed with OC spray by officers in the tunnel, yet he persisted in this behavior. The defendant may attempt to undermine the United States ability to prove that he had the requisite mental state by claiming accident, mistake, defense-of-others, or innocent motive. Any evidence to the contrary is highly probative.

The D.C. Circuit has consistently minimized the residual risk of prejudice, not by exclusion, but instead by utilizing limiting instructions to the jury. *See, e.g.*, *Douglas,* 482 F.3d at 601 (emphasizing the significance of the district court's instructions to jury on the permissible and impermissible uses of the evidence); *United States v. Pettiford*, 238 F.R.D. 33 (D.D.C. 2006) 590 (same); *United States v. Douglas*, 482 F.3d 591, 601 (D.C. Cir. 2007) (quoting *United States v. Crowder,* 141 F.3d 1202, 1210 (D.C. Cir. 1998) (*en banc*) ("*Crowder II*")) (stating that mitigating instructions to jury enter into the Rule 403 balancing analysis). Thus, because the government's Rule 404(b) evidence is not unduly prejudicial and any minimal prejudice can be addressed through an appropriate limiting instruction, its admission is appropriate.

The defendant fails to show that the probative value of the proposed F.R.E. 404(b) evidence is substantially outweighed by unfair prejudice, confusion of the issues, misleading of the jury, undue delay, waste of time, or needless presentation of cumulative evidence.

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that the defendant's motion *in limine* should be denied, or, in the alternative, that the Court's ruling on the same be deferred to trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052


By: */s/ David J. Perri*
David J. Perri
WV Bar Number: 9219
Assistant United States Attorney Detailee
United States Attorney's Office
Northern District of West Virginia
1125 Chapline St., Suite 3000
Wheeling, WV 26003
(304) 234-0100

By: */s/ Holly F. Grosshans*
HOLLY F. GROSSHANS
Assistant United States Attorney
D.C. Bar No. 90000361
U.S. Attorney's Office for the District of
   Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-6737
Email:  Holly.Grosshans@usdoj.gov

CERTIFICATE OF SERVICE

I, David J. Perri, Assistant United States Attorney for the District of Columbia, hereby certify that the foregoing UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* AS TO 404(b) EVIDENCE has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to the following:

Dennis Boyle, Esq.
Blerina Jasari, Esq.
Boyle & Jasari,
1050 Connecticut Ave., NW, Suite 500
Washington, D.C. 20036

Dated: February 13, 2023

By:  */s/ David J. Perri*
      David J. Perri
      WV Bar Number: 9219
      Assistant United States Attorney Detailee
      United States Attorney's Office
      Northern District of West Virginia
      1125 Chapline St., Suite 3000
      Wheeling, WV 26003
      (304) 234-0100

By:  */s/ Holly F. Grosshans*
      HOLLY F. GROSSHANS
      Assistant United States Attorney
      D.C. Bar No. 90000361
      U.S. Attorney's Office for the District of
         Columbia
      601 D Street, N.W.
      Washington, D.C. 20530
      Phone: (202) 252-6737
      Email:  Holly.Grosshans@usdoj.gov