**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| **v.** | : **Case No. 21-CR-245 (APM)** |
| **SHANE JENKINS,** | : |
| **Defendant.** | : |

**DEFENDANT'S SHANE JENKINS' REPLY IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE ADMISSION OF 404(b) EVIDENCE NOTICED BY THE GOVERNMENT**

## INTRODUCTION

Defendant Shane Jenkins ("Mr. Jenkins"), by and through undersigned counsel, respectfully submits this Reply to the Government's Opposition to Mr. Jenkins' Motion *in Limine* to preclude the admission of 404(b) evidence noticed by the government. In its Opposition, the government contends that the Notice requirements were met, that the evidence is relevant, and that its probative value does not outweigh any prejudice Mr. Jenkins may face.

Mr. Jenkins' motion to preclude the admission of 404(b) evidence should be granted because his prior convictions hold no relevance in the case at bar, and any relevance they do provide is greatly outweighed by the prejudice Mr. Jenkins will face by the evidence being admitted.

## ARGUMENT

### A. The Government's Opposition Continues to Not Articulate a Reasoning that Supports the Purpose for which it Intends to Offer the Evidence

Fed. R. Evid. 404(b)(2)(3) requires that the government provide reasonable notice in writing including an articulation of what purpose the government intends to offer the evidence and the reasoning which supports said purpose. In the notice sent to the defense, the government simply pointed to multiple prior offenses, listing only the name of the offense, where it occurred,

and the year when it occurred, then states that it will broadly be used to prove "knowledge, motive, criminal intent, and absence of mistake." This is insufficient according to the Committee Notes on Rules – 2020 Amendment, as set forth in greater detail in Mr. Jenkins' Motion.

The government in its opposition argues that "[a]t the time the letter was written, it was not possible for the United States to provide further information about the conduct underlying those prior convictions." Although, the government in its opposition does give greater detail regarding the factual circumstances surrounding the prior offenses, the government still does not provide any purpose for presenting such evidence. Nothing in the governments descriptions of the prior offenses describes any reasons for why presenting this information at trial would be relevant as to prove Mr. Jenkins "knowledge, motive, criminal intent, [or] absence of mistake." *Id.* Rather, the government contends that it need not provide such information because the only "purpose for the notice requirement set forth in F.R.E. 404(b)(3) is simply to prevent surprise and prejudice to the defendant at trial", and that "[t]he Rule does not indicate what form the United States' notice must take, or how specific that notice must be." Gov. Opp. at 4.

The Committee Notes on Rule 404(b), however, are clear:

> The prosecution must not only identify the evidence that it intends to offer pursuant to the rule but also articulate <u>a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose</u>. The earlier requirement that the prosecution provide notice of only the "general nature" of the evidence was understood by some courts to permit the government to satisfy the notice obligation without describing the specific act that the evidence would tend to prove, and without explaining the relevance of the evidence for a non-propensity purpose. <u>This amendment makes clear what notice is required.</u>

Committee Notes on Rules – 2020 Amendment (emphasis added). The government's notice and additional explanations in its Opposition do not satisfy the notice requirements as set forth in Fed. R. Evid. 404(b)(2)(3).

**B. The Prior Offenses Identified by the Government Are Not Relevant**

The government is offering evidence of other, unrelated bad acts that suggest nothing more than a tendency or propensity to engage in criminality, which is inadmissible under 404(b). *See United States v. McGill*, 815 F.3d 846, 878 (D.C. Cir. 2016). The government alleges that the purpose of the 404(b) evidence will be introduced in this case "to help prove [Mr. Jenkins'] *mens rea*" Gov. Opp. Mot. at 5. Specifically, the government intends to use Mr. Jenkins' prior convictions as evidence to demonstrate that it is in his character to harm, impede, oppose, interfere with, or obstruct law enforcement.

Fed. R. Evid. 404(b) states that "evidence of any other crime, wrong, or act" is inadmissible to "prove a person's character in order to prove that on a particular occasion the person acted in accordance with their character." *See* Fed. R. Evid. 404(b)(1-2); *Hsia*, 2000 WL 195028 at *2 (Rule 404(b) does not provide "an exclusive list of relevant purposes" and any such evidence is properly introduced so long as it is "not offered solely to prove character or criminal propensity") (citing *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990); *cf. United States v. Mahdi*, 598 F.3d 883, 891 (D.C. Cir. 2010); *United States v. Pettiford*, 517 F.3d 584, 588–89 (D.C. Cir. 2008). Here, the use of these convictions to demonstrate Mr. Jenkins' character with regards to law enforcement would be inadmissible and outside the scope of the Federal Rules.

Courts have denied the proposition that, "merely by denying guilt of an offense with a knowledge-based *mens rea,* a defendant opens the door to admissibility of prior convictions of the same crime." *United States v. Caldwell*, 760 F.3d 267, 281 (3d Cir. 2014); *United States v.*

*Miller*, 673 F.3d 688, 697 (7th Cir. 2012); *United States v. Wright*, 534 F. Supp. 3d 384, 401 (M.D. Pa. 2021). The Third Circuit in *Caldwell* emphasized that "[s]uch a holding would eviscerate Rule 404(b)'s protection and completely swallow the general rule against admission of prior bad acts. *Caldwell*, 760 F.3d at 281; *see also United States v. Miller*, 673 F.3d 688, 697 (7th Cir. 2012) (citing *United States v. Hicks*, 635 F.3d 1063, 1071 (7th Cir. 2011)) (explaining that "if a mere claim of innocence were enough to automatically put intent at issue, the resulting exception would swallow the general rule against admission of prior bad acts").

Here, the government is attempting to introduce evidence related to Mr. Jenkins' prior convictions merely because he pled not guilty to the alleged offenses with a knowledge-based *mens rea*. The single use of these propositions to prove *mens rea* is improper and the evidence should be precluded.

Furthermore, the proposed evidence is irrelevant based on the age of these convictions. The government incorrectly interprets the arguments in Mr. Jenkins' motion. The prior offenses do not need to occur within the time period of the events in question, however the length of time between the conviction and the current charges is relevant. The court in *United States v. Sheffield*, held that the "staleness of [a] conviction reduces its probative value such that it is 'substantially outweighed' by the danger of unfair prejudice already inherent in the admission of prior-bad-act evidence. *United States v. Sheffield*, 832 F.3d 296, 308 (D.C. Cir. 2016); *see also United States v. Bigesby*, 685 F.3d 1060, 1065 (D.C. Cir. 2012) (explaining that the "gap between [a] conviction and the [offense conduct] limited the conviction's probative value"). In *Sheffield*, the court concluded that the defendant's prior conviction, which had occurred over a decade before the conduct at issue, reduced the evidence's probative value such that it was outweighed by its unfair prejudice toward the defendant.

Moreover, Mr. Jenkins' prior offenses are not relevant for other reasons apart from the ages of the convictions. First, all the prior offenses occurred in Texas, nowhere near the Capitol Building in Washington, D.C. Additionally, the prior offenses cannot demonstrate that Mr. Jenkins possessed the intent or motive to conduct any currently alleged charges against him because the prior offenses were all distinct from one another and had nothing to do with Mr. Jenkins presence at the Capitol Building in 2021. For the foregoing reasons, Mr. Jenkins' prior offenses have no relevance in the case at bar.

**C. The Prior Offenses' Probative Value is Outweighed by Unfair Prejudice**

Evidence admissible under Rule 404(b) must have a probative value that is not substantially outweighed by the danger of unfair prejudice. *United States v. Moore*, 732 F.2d 983, 989 (D.C. Cir. 1984).[1] If this Court does find that the evidence provides some probative value, this probative value is substantially outweighed by unfair prejudice.

Mr. Jenkins' prior offenses are unfairly prejudicial because prior offenses from over a decade ago bare little relevance to Mr. Jenkins requisite mental state on January 6, 2021. The government argues that the prior "Resisting/Evading offenses demonstrate the defendant's deliberate disregard of and opposition to the lawful authority of law enforcement." Gov. Opp. at 8. The Resisting/Evading offenses took place in 2014, 2008, and 2004 in Texas, all of which had nothing to do with the events that took place on January 6th, 2021. The government has not provided any information regarding the facts of the Resisting Arrest offense in 2004. Moreover, the Resisting Arrest offense in 2014 and the Evading Arrest offense in 2006 do not demonstrate or provide any probative value that Mr. Jenkins had the necessary *mens rea* to conduct the

[1] The court in *Moore*, also held that the bad acts testimony was probative because the acts were in close relationship to the offenses being charged. Specifically, the court noted, "The acts described by [the defendant] all took place within a few weeks immediately prior to the defendants' arrests." *United States v. Moore*, 732 F.2d 983, 989 (D.C. Cir. 1984).

alleged offenses on January 6th, 2021. As set forth in detail in his Motion, Mr. Jenkins' prior convictions and the alleged offenses in the instant case are completely unrelated.

Evidence of Mr. Jenkins' prior offenses should still be excluded under Rule 403 because when considering the full evidentiary context of the case, the prior offenses do not offer any probative value, but rather will create unfair prejudice, confuse the issue, mislead the jury, and create an undue delay. Fed. R. Evid. 403; *Hsia*, 2000 WL 195028 at *2 (citing *United States v. Clarke*, 24 F.3d at 264)). The only reason to present Mr. Jenkins' prior offenses is to prove Mr. Jenkins acted in accordance with his character, which is inadmissible pursuant to Fed. R. Evid. 404(b)(1). Furthermore, limiting jury instructions, as the government proposes, would be insufficient to minimize the risk of prejudice to Mr. Jenkins. *See United States v. Mathews*, 62 F. Supp. 2d 59, 63 (D.D.C. 1999) ("Since the prior charge and the present charge are so similar and the prior charge is so highly prejudicial, no limiting instruction is likely to adequately mitigate the prejudice."); *see also United States v. Anderson*, 174 F. Supp. 3d 104, 108 (D.D.C. 2016) (finding that a limiting instruction "would not ameliorate the prejudicial effect of admitting [the defendant's] prior convictions for impeachment purposes.").

Mr. Jenkins' Motion must be granted.

**CONCLUSION**

Based upon the foregoing and the reasons set forth in his motion, Defendant Shane Jenkins respectfully requests that this Honorable Court will grant his motion to preclude admission of 404(b) evidence noticed by the government.

Dated: February 20, 2023

*/s/ Dennis E. Boyle*

Dennis E. Boyle
Blerina Jasari
Boyle & Jasari
1050 Connecticut Ave, NW
Suite 500

Washington, D.C., 20036
Email: dboyle@dennisboylelegal.com
bjasari@dennisboylelegal.com
Phone: (202) 798-7600

*Counsel for Defendant Shane Jenkins*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2023, a true and correct copy of the foregoing document has been served electronically on counsel of record for all parties.

*/s/ Dennis E. Boyle*
Dennis E. Boyle, Esquire