**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                              |     |                              |
|------------------------------|:---:|------------------------------|
| **UNITED STATES OF AMERICA** |  :  |                              |
|                              |  :  |                              |
| **v.**                       |  :  |                              |
|                              |  :  | **Crim. No. 21-CR-00245 (APM)** |
| **SHANE JENKINS,**           |  :  |                              |
|                              |  :  |                              |
| **Defendant.**               |  :  |                              |
|                              |  :  |                              |

**UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO**
**MOTION *IN LIMINE* TO PRECLUDE**
**DEFENSE-OF-OTHERS EVIDENCE AND ARGUMENT**

The United States of America, by and through its attorney, the United States Attorney for
the District of Columbia, hereby submits the following Reply to the "Defendant's Response to
Government's Motion in Limine to Preclude Defense-of-Others Evidence and Argument. [ECF No.
57, 54]

**MEMORANDUM**

The defendant participated in the riot on January 6, 2021. Having entered into restricted
areas of the Capitol grounds, he joined other rioters in their substantial and persistent efforts to
gain entrance to the Capitol Building via the Lower West Terrace tunnel. At that location, and
as part of that effort, he hurled (9) nine different objects into the tunnel at Capitol Police and
Metropolitan Police Department officers who were attempting to block the rioters' access to the
Building. These objects included a desk drawer, a flagpole, and various other pole-like objects.
He also attempted to break out a window of the Capitol Building not far from the Tunnel
entrance. He used a metal tomahawk to do so. The defendant is charged with, among other
offenses, violations of 18 U.S.C. § 111(a)(1) and (b).

In its Motion *in Limine*, the United States requested that the defendant be required to make a proffer prior to opening statements as to the evidence that he was acting in of defense of others when he engaged in violence directed at law enforcement officers at the U.S. Capitol Building.  [Motion at p. 7]

In his Response, the defendant appears to say that any and all defense-of-others evidence should come into the record during trial, unrestricted, and that the Court should then decide the merits of a motion *in limine*.[1]  The defendant concludes that "the Court should not allow a pre-trial proffer of facts to allow the parties to argue, and the Court to decide, whether" he is entitled to present evidence and/or argument that he acted in defense of others.  [Response at p. 6]  He does not, however, explain why he would not be able to – and should not be required to – make a such a proffer.  Nor does his Response address the possibility that Defense Counsel may make defense-of-others claims in opening statement, or cross-examine government witnesses along these lines.

The defendant relies on a D.C. Circuit Court of Appeals case called *United States v. Kinard*.  *United States v. Kinard*, 96 F.2d 522, 526 (D.C. Cir. 1938).[2]  This case does not provide support for his position, however.  The case is about whether the District Court judge properly instructed the jury that they could not find the defendant guilty of Manslaughter, which was one of the charges, because, in the Court's estimation, there wasn't enough evidence.  It was not about the availability of the affirmative defense of self-defense (much less, defense-of-others).  Nor did it involve a jury instruction on self-defense.  Nor was there a motion *in limine* seeking to address the issue in advance of trial.

---

[1] The defendant states as follows: "The government has filed this motion prematurely, and the ruling on whether this affirmative defense can be asserted should be decided once the record has been established during trial."  [Response at p. 4-5]
[2] This is a 1938 case that quotes an 1896 case.

The United States anticipates that the defense of defense-of-others will be unavailable to the defendant as a matter of law in this case.  This defendant (like many other participants in the riot) was attacking law enforcement because law enforcement stood in the way of what he wanted to do.  He was not intervening to save any other individual who was in danger of imminent harm, and who would have been justified in using violence to defend himself or herself.  The defendant provides no case-specific information in his Response to the contrary.

The United States is entitled to a fair trial too.  The approach advocated by the defendant could result in the admission of irrelevant evidence and argument, at best.  At worst, it could result in confusion of the issues, misleading of the jury, and prejudice to the United States.  This is a concern for the United States, of course, but also for the proper administration of justice.

It cannot be disputed that trial courts often make pre-trial rulings on legal issues, and that defendants are sometimes required to meet a legal threshold.  See, e.g., *United States v. Biggs*, 290 Fed.Appx. 591 (4th Cir. 2008) (District Court correctly granted United States' motion to preclude defendant from asserting at trial affirmative defenses of necessity, justification, and self-defense because the evidence was insufficient) (unreported).  The Court should do so in this instance.

**CONCLUSION**

For the reasons set forth herein, the United States respectfully requests that this Court grant the Motion *in Limine.*


Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney


By: */s/ David J. Perri*
David J. Perri
Assistant United States Attorney Detailee
W.V. Bar No. 9219
United States Attorney's Office
1125 Chapline Street, Suite 3000
Wheeling, WV 26003
304-234-0100


By: */s/ Holly F. Grosshans*
Holly F. Grosshans
Assistant United States Attorney
D.C. Bar No. 90000361
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-6737

### CERTIFICATE OF SERVICE

I, David J. Perri,  Assistant United States Attorney for the District of Columbia, hereby certify that the foregoing UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO MOTION *IN LIMINE* TO PRECLUDE DEFENSE-OF-OTHERS EVIDENCE AND ARGUMENT has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to the following:

> Dennis Boyle, Esq.
> Blerina Jasari, Esq.
> Boyle & Jasari,
> 1050 Connecticut Ave., NW
> Suite 500
> Washington, D.C. 20036

Dated: February 21, 2023.

> By:  /s/ David J. Perri
> David J. Perri
> WV Bar Number: 9219
> Assistant United States Attorney Detailee
> United States Attorney's Office
> Northern District of West Virginia
> 1125 Chapline St., Suite 3000
> Wheeling, WV 26003
> (304) 234-0100

> By:  /s/ Holly F. Grosshans
> HOLLY F. GROSSHANS
> Assistant United States Attorney
> D.C. Bar No. 90000361
> U.S. Attorney's Office for the District of
>     Columbia
> 601 D Street, N.W.
> Washington, D.C. 20530
> (202) 252-6737