## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | : |
|  | : |
| **v.** | : **Case No. 21-CR-245 (APM)** |
|  | : |
| **SHANE JENKINS,** | : |
|  | : |
| **Defendant.** | : |

### DEFENDANT'S UNOPPOSED MOTION FOR BENCH TRIAL

Defendant Shane Jenkins ("Mr. Jenkins"), by and through undersigned counsel, respectfully requests this Court permit Mr. Jenkins a nonjury bench trial, pursuant to Rule 23 of the Federal Rules of Criminal Procedure.

### BACKGROUND

On January 6, 2021, Mr. Jenkins travelled to Washington, D.C. to listen to former President Donald J. Trump's speech. He was one of thousands of individuals who then walked to the U.S. Capitol after President Trump issued a call to action. On March 5, 2021, Mr. Jenkins was arrested in Houston, Texas, on an arrest warrant issued by the United States District Court for the District of Columbia.

In a Second Superseding Indictment, Mr. Jenkins has been charged with one count of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count I); one count of Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2) and 2 (Count II); one count of Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1) and (b) (Count III); one count of Theft of Government Property, in violation of 18 U.S.C. § 641 9 (Count IV); one count of Destruction of Government Property, in violation of 18 U.S.C. § 1361 (Count V); one count of Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) and

(b)(1)(A) (Count VI); one count of Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Count VII); one count of Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A) (Count VIII); one count of Disorderly Conduct in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count IX); and one count of Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F) (Count X). [ECF 43].

The trial in this case is currently scheduled to begin on March 21, 2023.  A status conference was held in this case, on February 14, 2023.  During the conference, undersigned counsel advised that Mr. Jenkins wishes to proceed by bench trial.  This memorandum is submitted in response to that request.

## ARGUMENT

### A.    Government Does Not Oppose Motion for a Bench Trial.

Rule 23 of the Federal Rules of Criminal Procedure states that when a defendant is entitled to a jury trial, the trial must be by jury unless the defendant waives a jury trial in writing, the government consents, and the court approves. Fed. R. Crim. P. 23(a)(1)-(3).  The validity of the rule was upheld by the Supreme Court in *United States v. Singer*, 380 U.S. 24 (1965), where the Court held that the reason the statute remains as requiring the government's consent is because "the government attorney in a criminal prosecution is not an ordinary party to a controversy, but a 'servant of the law' with a 'twofold aim . . . that guilt shall not escape or innocence suffer.' It was in light of this concept of the role of prosecutor that Rule 23(a) was framed, and we are confident that it is in this light that it will continue to be invoked by government attorneys." *Id.* at 37 (quoting *Berger v. United States*, 295 U.S. 78, 88 (1935)).

In both *Singer* and *Berger*, the Court recognized the important role the prosecutor has in maintaining the fairness of the judicial system. It is important that the prosecutor can object to a defendant's request for a bench trial *even if the defendant requests one*. The converse should also be true. Where the prosecutor does not oppose a bench trial, the prosecutors' position should be accorded great weight.

Even where a defendant has waived his or her right to a jury trial, Fed. R. Crim. P. 23 still requires court approval.  It is submitted, however, that the court's consent should not be unreasonably denied.  While there appear to be no cases on point, there do not appear to be any unique or unusual facts in this case that would prevent the court from rendering a fair and impartial verdict based upon the evidence.

In *Patton v. United States*, 281 U.S. 276 (1930), the issue before the Supreme Court was whether a defendant could waive a jury of twelve "men" and proceed to verdict with a jury of eleven.  Noting that the notion that a waiver of trial by jury should be denied on ground of public policy was "unsound", *id*. at 307, the Supreme Court upheld the waiver.  Although the Supreme Court did state that trial by jury was the constitutional norm, the language is no more than antiquated *dictum*.

As in *Patton*, the defendant and the government have agreed to a waiver of the right to trial by jury.  The purpose of the third prong is to serve as a check on both parties to ensure both do in fact agree to a waived jury trial.  For example, in *Dixon v. United States*, the court held that "before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant." *Dixon v. United States*, 292 F.2d 768, 770 (D.C. Cir. 1961); *see also United States v. Martin*, 704 F.2d 267, 271 (6th Cir. 1983) (holding that "Criminal defendants may waive their right to trial by jury

only if four conditions are met.  First, the waiver must be in writing.  Second, the government attorney must consent to the waiver.  Third, the trial court must approve the waiver.").  Mr. Jenkins will knowingly and intelligently waive his right to a jury trial, and the government consents to this waiver.  Although the Court should question the defendant as to the voluntariness of his waiver, it should not reject the waiver without good cause.

Moreover, Mr. Jenkins believes in the fairness of this Court to make a just decision after hearing the case in its entirety.[1]  This Court has permitted, and fairly reached a decision in two prior bench trials. *See United States v. Jonathan Walden*, Case No. 1:22-cr-00014 (Jan. 12, 2022); *United States v. Stewart Parks*, Case No. 1:21-cr-0041 (June 21, 2021).  Both *Walden* and *Parks*, involved charges related to January 6th events.  Furthermore, these proceedings involved a single defendant, rather than multiple co-defendants, and the government did not oppose a request for a bench trial.

Furthermore, other Judges in the District Court for the District of Columbia have permitted bench trials in January 6th cases when the government did not oppose such requests. *See, e.g., United States v. Larry Brock*, Case No. 1:21-cr-00140 (Feb. 19, 2021) (Unopposed request for bench trial during pretrial conference.); *United States v. Kyle Fitzsimons*, Case No. 1:21-cr-00158 (Feb. 26, 2021) (Motion for bench trial granted during status conference once government consented.); *United States v. James Rahm*, Case No. 1:21-cr-00150 (Feb. 24, 2021) (Unopposed request for stipulated bench trial granted.); *United States v. Jesus Rivera*, Case No. 1:21-cr-00060 (Feb. 1, 2021) (During a status hearing, defendant represented that he intended to

---

[1] If the Court were of the opinion that it could not render a fair and impartial verdict, an assertion no party is making, the remedy would be recusal from the case, not a denial of the waiver of the right to trial by jury. In any event, the parties agree that the court can and would be able to render a fair and impartial verdict.

waive his right to a jury trial and proceed to a bench trial, and the government consented to the waiver.); *United States v. Kevin Seefried*, Case No. 1:21-cr-00287 (April 7, 2021) (Bench trial approved during pretrial conference when government consented.); *United States v. Patrick McCaughey*, Case No. 1:21-cr-00040 (Jan. 29, 2021) (Bench trial granted following a request by defendant's uncontested motion.); *United States v. Joshua Black*, Case No. 1:21-cr-00127 (Feb. 17, 2021) (Both parties consented to bench trial during pretrial conference.); *United States v. William Calhoun Jr.*, Case. No. 1-21-cr-00116 (Feb. 12, 2021) (Bench trial granted by unopposed motion.).

**B.     Conducting Jury Trials is No Longer the Norm for Handling Felony Cases.**

The Supreme Court in *dicta* in *Patton* states that "trial by jury is the normal … and preferable mode" to handle criminal cases, *Patton*, 281 U.S. at 312, however this idea is antiquated because the majority of criminal cases is now determined outside of a jury through plea bargains where courts traditionally accept stipulations of fact in support of guilty pleas.

In 2018, the Pew Research Center found that "only 2% of the approximately 80,000 defendants in federal criminal cases that year proceeded to trial."  John Gramlich, *Only 2% of federal criminal defendants go to trial, and most who do are found guilty*, PEW RESEARCH CENTER (June 11, 2019), https://www.pewresearch.org/fact-tank/2019/06/11/only-2-of-federal-criminal-defendants-go-to-trial-and-most-who-do-are-found-guilty/.  Further, the study found that "as many as 90% of the defendants entered a guilty plea, while the remaining 8% saw their cases get dismissed." *Id.*  The criminal justice system itself is not capable of conducting jury trials for every criminal matter.  The tendency to settle cases through plea agreements rather than conducting full length trials is now the new norm and seemingly preferred mode to handling criminal cases, not through jury trials.

Here, Mr. Jenkins is requesting, and the government is not opposing, a bench trial. This bench trial would not be interfering with the old norm to conduct trials by juries. In fact, the granting of this bench trial would support concepts of judicial efficiency as well as bolster the criminal justice system's ability to quickly and sufficiently decide criminal cases.

## C.    The Judge is More Suited to Make a Decision in This Case.

Finally, Mr. Jenkins' case is not a case where the facts are "highly disputed" between the parties; nor is it a case where a jury is necessary to determine the factual circumstances surrounding the events in question.   Here, the evidence is comprised of recorded photographic and video surveillance footage. The issues in this case will largely depend on how this evidence is interpreted, which is why a bench trial would be a much more sufficient and preferable way to determine the outcome of the case. A Judge is in a much better position to interpret the evidence in light of existing law in this case than a jury would be.

Furthermore, a Judge is less likely to exhibit bias toward the evidence or be inflamed by any evidence presented before him or her. A juror is much more likely to be impartial based on his or her perceptions of such evidence. Factors to be considered when determining whether a jury can be impartial include pretrial publicity, the size and characteristics of the community, the nature and extent of pretrial publicity, the proximity between the publicity and the trial, and evidence of juror partiality. *United States v. Skilling*, 561 U.S. 358, 378-381 (2010). In some cases, a potential jury pool can be determined to be irredeemably biased when the alleged crime results in "effects . . . on [a] community [that] are so profound and pervasive that no detailed discussion of the [pretrial publicity and juror partiality] evidence is necessary." *United States v. McVeigh*, 918 F. Supp. 1467, 1470 (W.D. Okla. 1996) (summarily finding that a trial of

Oklahoma City bombing suspects in federal court in Oklahoma City (Western District of Oklahoma) would be constitutionally unfair).

Likewise, Mr. Jenkins submits that the very nature and circumstances of the events of that day had an effect on this community that is "so profound and pervasive" that it would be nearly impossible to seat an impartial jury. See, e.g., *United States v. McVeigh*, 918 F. Supp. 1467, 1470 (W.D. Okla. 1996); *United States v. Awadallah*, 457 F. Supp. 2d 246 (S.D.N.Y. 2006).  The residents of the District of Columbia view themselves as victims of the attacks on the U.S. Capitol.  In fact, the Court itself appears to view the residents of the District as victims. Other defendants who have been released pending trial, were ordered to stay out of the District of Columbia except for attendance at Court proceedings. *See, e.g., United States v. Couy Griffin*, Case No. 1:21-cr-00092 (Feb. 5, 2021); *United States v. Elias Costianes*, Case No. 1:21-cr-00180 (Feb. 12, 2021).  If the residents of the District are not considered to be victims, such orders would not be necessary.  An impartial jury with an open mind is critical to a fair trial. However, if a juror is also the victim of the crime with which the defendant is charged, it is impossible for the juror to be impartial and view the evidence dispassionately.

Moreover, a bench trial would be much more convenient for the witnesses because the order in which they are called is of little concern when being presented to a Judge, however, the order witnesses are called and evidence is presented to a jury is much more of a concern.  Here, there are quite a few witnesses that will take the stand; therefore, a bench trial would make this process more efficient for both the Court and for the witnesses themselves.

**CONCLUSION**

For the foregoing reasons, Mr. Jenkins respectfully requests this Court find that a bench trial is warranted as to Mr. Jenkins, following a colloquy confirming Mr. Jenkins' knowing and informed waiver of his right to a trial by jury in this matter.


Dated: February 24, 2023                  */s/ Dennis E. Boyle*
_____
Dennis E. Boyle
Blerina Jasari
Boyle & Jasari
1050 Connecticut Ave, NW
Suite 500
Washington, D.C., 20036
Email:  dboyle@dennisboylelegal.com
            bjasari@dennisboylelegal.com
Phone: (202) 798-7600

*Counsel for Defendant Shane Jenkins*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2023, a true and correct copy of the foregoing

document has been served electronically on counsel of record for all parties.


*/s/ Dennis E. Boyle*
Dennis E. Boyle, Esquire