**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : Case No. 21-CR-245 (APM) |
| | : |
| **SHANE JENKINS,** | : |
| | : |
| **Defendant.** | : |

<u>**DEFENDANT SHANE JENKINS' MOTION TO CONTINUE TRIAL**</u>

Defendant Shane Jenkins ("Mr. Jenkins") respectfully requests, by and through undersigned counsel, that this Honorable Court continue Mr. Jenkins' trial currently scheduled to begin on March 21, 2023.

**BACKGROUND**

Pursuant to recent updates in Congress where House Republicans moved to provide criminal defendants in January 6th related cases access to over 41,000 of hours of internal Capitol security footage on a case-by-case basis, Mr. Jenkins requests that his trial currently set to begin on March 21, 2023, be moved so defense counsel can review the additional discovery.

Congressman Barry Loudermilk, who chairs the House Administration Committee's oversight subpanel discussed how over 41,000 hours of internal Capitol Building film will be released. *See* Kyle Cheney, Olivia Beavers, & Sarah Ferris, *House GOP moving to let Jan. 6 defendants access Capitol security footage*, POLITICO (Feb. 28, 2023), available at https://www.politico.com/news/2023/02/28/ house-gop-moving-to-let-jan-6-defendants-access-capitol-security-footage-00084763.  Specifically, Congressman Loudermilk statds that "[e]veryone accused of a crime in this country deserves due process, which includes access to evidence which may be used to prove their guilt or innocence," and "[i]t is our intention to make

available any relevant documents or videos, on a case-by-case basis, as requested by attorneys representing defendants." *Ibid*.  Furthermore, Speaker of the House, Kevin McCarthy, already released these 41,000 hours of tape to Tucker Carlson who has said he would release this material to the public. *See* Luke Broadwater, *Democrats Protest After McCarthy Grants Tucker Carlson Access to Jan. 6 Video*, THE NEW YORK TIMES (Feb. 21, 2023), available at: https://www.nytimes.com/2023/02/21/us/politics/mccarthy-tucker-carlson-jan-6-video.html.

The government has disclosed approximately 16,000 hours of video footage to Mr. Jenkins, which means that approximately 25,000 hours of video footage have been withheld.

## ARGUMENT

Discovery in criminal cases is crucial to a fair and just judicial system. *See Wardius v. Oregon*, 412 U.S. 470, 474 (1973) (Holding "[t]he growth of … discovery devices is a salutary development which, by increasing the evidence available to both parties, enhances the fairness of the adversary system."). "Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly." *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  The Supreme Court in *Brady* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment". *Id*.

The government has a legal obligation to disclose exculpatory evidence that is material to the defendant's case. *Id*. at 87-88.  Exculpatory evidence is "that which would tend to show freedom from fault, guilt or blame." *United States v. Blackley,* 986 F.Supp. 600, 603 (D.D.C. 1997).  In *United States v. Bagley,* the Supreme Court held that regardless of request, favorable evidence is material, and constitutional error results from its suppression by the

government, "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 473 U.S. 667, 682 (1985).

Based on the aforementioned case law, the prosecution must generally turn over all evidence in their possession that is material to the case. Any evidence that provides significant aid to the defendant's case constitutes exculpatory and material evidence. For example, any information that affects the credibility of any government witness is among the kinds of evidence prosecutors have to disclose. *Giglio v. United States*, 405 U.S. 150 (1972).

The request for additional time is necessary in order to adequately and diligently review all discovery pertaining to Mr. Jenkins and to determine whether any video contains relevant and material information that would pertain to Mr. Jenkins' defense. Video evidence depicting Mr. Jenkins would constitute both exculpatory and material evidence, which would require disclosure from the government. *See Brady*, 373 U.S. at 87. Due to the large amount of video being released, and because Mr. Jenkins is currently incarcerated, we request additional time to review the information and prepare for trial.

Counsel for the government, Assistant United States Attorney David J. Perri and Assistant United States Attorney Holly F. Grosshans, have been notified of this request. Counsel for the government advised that the government opposes the requested continuance.

WHEREFORE, Defendant Shane Jenkins respectfully requests that this Honorable Court grant his motion and continue his trial currently scheduled to begin on March 21, 2023.

Respectfully Submitted,

/s/ Dennis E. Boyle
Dennis E. Boyle
Boyle & Jasari
1050 Connecticut Ave, NW
Suite 500
Washington, DC 20036

3

dboyle@dennisboylelegal.com
bjasari@dennisboylelegal.com
Telephone: (202) 430-1900

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of March 2023, I electronically filed the foregoing

with the Court using the CM/ECF system, which sent notification of such filing to all parties.


/s/ Dennis E. Boyle
Dennis E. Boyle