UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 21-cr-245 (APM) |
| | : | |
| SHANE JENKINS | : | |
| | : | |
| Defendants. | : | |

### JOINT PRETRIAL STATEMENT

Pursuant to the Court's Pretrial Order, filed April 28, 2022 (ECF No. 42), the parties hereby jointly submit this pretrial statement.

**a. Joint Statement of the Case**

The United States alleges that Mr. Shane Jenkins, while carrying a deadly or dangerous weapon, unlawfully entered a restricted area within the United States Capitol and its grounds on January 6, 2021. While on the grounds, he allegedly participated in a civil disorder that affected commerce and the performance of a federally protected function. Mr. Jenkins also allegedly obstructed, influenced, or impeded Congress's certification of the Electoral College vote. Additionally, the United States alleges that Mr. Jenkins, while using an object that was a deadly or dangerous weapon, assaulted, resisted, opposed, or impeded an officer of the United States while such officer was engaged in the performance of the officer's official duties. He also allegedly participated in disorderly and disruptive conduct and physical violence within the United States Capitol Grounds and at the U.S. Capitol Building. Furthermore, the United States alleges that Mr. Jenkins stole, conveyed, or converted for his own use, a riot shield with a value of under $1000, and he destroyed a window which was property of the United States, causing damage in an amount that was more than $1000.  Mr. Jenkins has pleaded not guilty to all charges.

b.  **Proposed *Voir Dire* Questions**

The following are the *voir dire* questions on which the parties agree:

- a. Do you live outside of the District of Columbia?

- b. Do you live or work at or near the U.S. Capitol Building?

- c. Do you or someone you know have a direct or indirect connection to the events that occurred at the U.S. Capitol on January 6, 2021?

- d. Do you know or are you acquainted with the defendant in this case, Shane Jenkins?

- e. Have you seen or heard anything in the news or elsewhere about Mr. Jenkins?

- f. Do you have such strong personal feelings or opinions about the events that took place at the U.S. Capitol on January 6, 2021, such that you would be unable to follow my instructions on the law and be a fair and impartial juror in this case?

- g. Do you have any strongly-held beliefs about people who may have supported former President Trump such that you would not be able to fairly and impartially judge the evidence in this case and follow the law as I instruct you?

    - This question has been proposed by the Defense.

    - The United States has no objection.

- h. Do you have any preconceived opinions about the guilt or innocence of people who were on the grounds of the Capitol on January 6?

    - This question has been proposed by the Defense.

    - The United States objects to this question as too vague. As to what charges? As to what misconduct?

- i. Do you have any strong personal feelings or opinions about the outcome of the 2020 presidential election, such that it would impact your ability to be fair and impartial in this case?

- j. Did you closely follow the congressional hearings related to January 6?

    - This question has been proposed by the Defense.

    - The United States objects to this question. The United States submits that, arguably, the hearings could/should have been of interest and concern to every citizen, regardless of political persuasion. This question does not serve to ferret out bias.

k.        Do you work in a field that involves investigating, reporting on, or collecting and reviewing facts or evidence related to the events of January 6?

- This question has been proposed by the Defense.

- The United States objects to this question. It's not clear how this question would serve to ferret out bias. People of all political persuasions have been engaging in this kind of activity for a variety of reasons.

l.        The government is represented in this case by Assistant United States Attorneys Holly Grosshans and David Perri. (Please have them stand and introduce themselves.) Do you know Ms. Grosshans or Mr. Perri?

m.       Do you know or are you acquainted with Mathew M. Graves, the United States Attorney for the District of Columbia?

n.        Mr. Jenkins is represented in this case by Dennis Boyle and Blerina Jasari. (Please have them stand and introduce themselves.) Do you know Mr. Boyle or Ms. Jasari?

o.        (Introduce courtroom personnel.) Do you know or are you acquainted with any of these individuals?

p.        Are you related to, or acquainted with, any one of the following witnesses that the United States may call? (Please have government read list of witnesses.)

q.        Are you related to, or acquainted with, any one of the following witnesses that the defendant may call? (Please have defense read list of witnesses.)

r.        There are many people on this jury panel. Do you recognize another member of the panel as being a relative, close friend, or associate?

s.        I will instruct the jury at the end of the trial that the testimony of a police officer should be treated the same as testimony from any other witness and that the jury should give either greater or lesser weight to the testimony of a witness simply because that witness is a police officer. Do you have such strong feelings or opinions about police, either positive or negative, that would make it difficult for you to follow this instruction?

t.        The burden of proof, as in all criminal cases, is proof beyond a reasonable doubt, and this burden rests on the government and never shifts to the defendant. While it is a strict and heavy burden, it is not an impossible burden. The government, for example, is not required to prove guilt beyond all doubt. Would anyone hold the government to a higher burden than beyond a reasonable doubt?

u.        All defendants have constitutional right not to testify, and if Mr. Jenkins decides not to testify, I will instruct you that you cannot hold his silence against him in any way. Would you have any difficulty following that instruction?

v. Jurors are the sole judges of the facts, but they must follow the principles of law as I instruct. The jury may not choose to follow some rules of law and ignore others, and even if the jury disagrees with or dislikes a rule of law or does not understand the reasons for some of the rules, it is the jury's duty to follow those rules. Will you have any difficulty following my legal instructions, whatever they may be?

w. Do you have any moral, social, political, philosophical, spiritual, religious or any other creed or belief that would make it hard for you to sit as a juror in this case?

x. If you are selected as a juror in this case, I will continue to instruct you to avoid all media coverage relating to this case, including radio, television, podcasts, social media, and other Internet sources. That is, you will be forbidden from reading any newspaper articles about this case, listening to any radio or podcast stories about this case, or watching any TV news about this case. You will also be forbidden from Googling this case, blogging, tweeting, reading, or posting comments about this case on social media sites or anywhere else on the Internet. Do you have any reservations or concerns about your ability or your willingness to follow this instruction?

y. Does anyone in this group (that is, you, members of your immediate family, or close personal friends) work for, or have previously worked for, any law enforcement agency. This includes any local police or sheriff's department in or outside the District of Columbia and it includes federal law enforcement agencies like the FBI, the Secret Service, the Department of Homeland Security, and the U.S. Capitol Police. It also includes any prosecutors' offices, such as a U.S. Attorney's office, a state's attorney's office, or a district attorney's office.

z. Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever attended law school, worked as a lawyer, or worked in a law office?

aa. Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever been arrested for, charged with, or convicted of a crime, other than traffic violations?

bb. Have you formed strong opinions concerning defense attorneys, prosecutors, or accused persons that would affect you in deciding this case?

cc. Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever been the victim of or witness to a crime?

dd. Has anyone in this group testified in court before?

ee. Have you had any experience as a grand juror or trial juror? Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

ff. If, after considering all of the evidence and my instructions on the law, you find the defendant guilty of one or more counts in the indictment, it will be my job as the

       judge and my job alone to determine the punishment. The law does not permit you to consider the issue of punishment because there are factors, having nothing to do with this trial, which will help me determine the appropriate sentence, if any. Would you have difficulty, or would you be uncomfortable serving as a juror knowing that you will not have any say in any fine, restitution, or jail sentence that I may impose?

gg. (Describe the Courtroom COVID-19 protocols, such as plexiglass, masks, and spacing, if any.) Would any of you be uncomfortable serving as a juror with these safety protocols in place?

hh. Do you have any health or medical problems that would interfere with your ability to listen carefully and pay attention to the testimony in this case?

ii. Do you have any difficulty speaking, reading, writing, or understanding the English language?

jj. Do you have any personal beliefs, whether religious, philosophical, or otherwise, such that you could not, after hearing all the evidence and law in this case, pass judgment on another person in a criminal case by returning a verdict of guilty?

kk. We expect the presentation of evidence in this case to conclude by the end of this week. After the close of evidence, the jury will deliberate until it reaches a decision. Would serving as a juror in this case be an extreme hardship to you? And by this this, I mean extreme. Serving on a jury is often inconvenient. What I am asking is whether serving on this jury would be very difficult to you.

ll. My final question is a catchall question. Are there any other reasons that I have not asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror in this case?

**c. Proposed Jury Instructions**

The proposed list of standard jury instructions from the "Red Book" (*Criminal Jury Instructions for D.C.* (Barbara A. Bergman ed,. May 2016 ed.)), all redlined modified standard instructions proposed, and non-standard jury instructions proposed are attached.

**d. List of Witnesses**

- Proposed Government Witnesses:
  - United States Capitol Police Lieutenant George McCree
  - United States Secret Service Agent, Lanelle Hawa
  - Federal Bureau of Investigations Special Agent, Amy Avila
  - Federal Bureau of Investigations Special Agent, Craig Storemski
  - Federal Bureau of Investigations Special Agent, Jeffrey Johannes
  - Metropolitan Police Department Officer Mustafa Ak

- Metropolitan Police Department Officer Aaron Hunter
- Metropolitan Police Department Officer Alexander Warren
- Jason McIntyre, Architect of the Capitol
- Officer Melanie Mendoza, Texas Department of Criminal Justice
- ** The United States reserves the right to call witnesses in rebuttal to the defendant's case, and to call any additional witness whose testimony is necessary to lay foundation for the admissibility of evidence.

- Proposed Defense Witnesses:
    - All witnesses identified by the Government
    - Victoria White
    - Jorden Mink
    - The Defendant reserves the right to call additional witnesses which may be relevant and are identified during the government's case-in-chief.

e. **Exhibit Lists**

The proposed exhibit list for the Government is attached.

Proposed Defense Exhibits:

- Excerpts from speeches from Rudy Giuliani and Donald Trump during Donald Trump's "Save America" rally on January 6, 2021 (not more than 10 minutes).
- Video footage from the events on January 6 (not more than 30 minutes).

f. **Stipulations**

Drafts of all anticipated stipulations are attached.

g. **Proposed Verdict Form**

A draft Proposed Verdict Form is attached.

|  | Respectfully submitted, |
|---|---|
| FOR THE DEFENDANT | FOR THE UNITED STATES |
|  | Matthew M. Graves |
|  | United States Attorney |
|  | D.C. Bar No. 481052 |
| By: */s/ Dennis E. Boyle* | By: */s/ David J. Perri* |
| DENNIS E. BOYLE | DAVID PERRI |
| BOYLE & JASARI LLP | WV Bar No. 9219 |
| 1050 Connecticut Ave | Assistant United States Attorney - Detailee |
| Suite 500 | U.S. Attorney's Office for the District of Columbia |
| Washington, DC 20036 | 601 D Street, N.W. |
| 202-430-1900 | Washington, D.C. 20530 |
| Email: dboyle@dennisboylelegal.com | Phone: (304) 234-0100 |
|  | Email: David.perri@usdoj,gov |
| By: */s/ Blerina Jasari* | By: */s/ Holly F. Grosshans* |
| BLERINA JASARI | HOLLY F. GROSSHANS |
| BOYLE & JASARI LLP | Assistant United States Attorney |
| 1050 Connecticut Avenue | D.C. Bar No. 90000361 |
| Suite 500 | U.S. Attorney's Office for the District of Columbia |
| Washington, DC 20036 | 601 D Street, N.W. |
| 917-886-0252 | Washington, D.C. 20530 |
| Email: bjasari@dennisboylelegal.com | Phone: (202) 252-6737 |
|  | Email: Holly.Grosshans@usdoj.gov |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2023, we caused a copy of the foregoing motion to be served on counsel of record via electronic filing.

                                                        */s/ David Perri*
                                                        DAVID PERRI
                                                        Assistant United States Attorney