# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|                              |   |                              |
|------------------------------|---|------------------------------|
|                              | : |                              |
| **UNITED STATES OF AMERICA** | : | **Case No.: 1:21-cr-245 (APM)** |
|                              | : |                              |
| **v.**                       | : |                              |
|                              | : |                              |
| **SHANE JENKINS**            | : |                              |
|                              | : |                              |
| **Defendant.**               | : |                              |
|                              | : |                              |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

**Standard Jury Instructions from the Redbook:**

**Instructions Before and During Trial**

The government has no objection to the Pattern Criminal Jury Instructions for the District of Columbia, 2022 Release ("Redbook"), as appropriate based on the developments at trial.

**Final Instructions**

1. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2. Function of the Court, Redbook 2.101

3. Function of the Jury, Redbook 2.102

4. Jury's Recollection Controls, Redbook 2.103

5. Evidence in the Case, Redbook 2.104

6. Statements of Counsel, Redbook 2.105

7. Indictment Not Evidence, Redbook 2.106

8. Burden of Proof, Redbook 2.107

9. Reasonable Doubt, Redbook 2.108

10. Direct and Circumstantial Evidence, Redbook 2.109

11. Nature of Charges Not To Be Considered, Redbook 2.110

12. Number of Witnesses, Redbook 2.111

13. Inadmissible and Stricken Evidence, Redbook 2.112

14. Credibility of Witnesses, Redbook 2.200

15. Police Officer's Testimony, Redbook 2.207

16. Right of Defendant Not to Testify, Redbook 2.208 *or*

    Defendant as Witness, Redbook 2.209, *as applicable*

17. False or Inconsistent Statement by Defendant, Redbook 2.210

18. Impeachment by Proof of Conviction of a Crime – Defendant , Redbook 2.220

19. Attempted Change of Appearance by Defendant, Redbook 2.303(B)

20. Other Crimes Evidence (if 404(b) evidence is admitted), Redbook 2.321

21. Multiple Counts – One Defendant, Redbook 2.402

22. Unanimity – General, Redbook 2.405

23. Verdict Form Explanation, Redbook 2.407

24. Redacted Exhibits, Redbook 2.500

25. Exhibits During Deliberations, Redbook 2.501

26. Selection of a Foreperson, Redbook 2.502

27. Possible Punishment Not Relevant, Redbook 2.505

28. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

29. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

30. Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

31. Excusing Alternate Jurors, Redbook 2.511

32. Court Interaction with Jury During Deliberations – Note, Redbook 2.600

33. When Jurors Cannot Agree (if needed), Redbook 2.601

34. Instructions to Jury Before Polling, Redbook 2.602

35. Instructions to Jury After Polling, Redbook 2.603

36. Comment on Verdict – Note, Redbook 2.604

37. Proof of State of Mind, Redbook 3.101

38. Aiding and Abetting, Redbook 3.200

**Non-Standard Jury Instructions Offered by The Government:**

**Count One – Civil Disorder (Violation of 18 U.S.C. § 231(a)(3))[1]**

Count One of the Superseding Indictment charges Shane Jenkins with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find the following three elements beyond a reasonable doubt:

First:       Shane Jenkins knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second:    at the time of the Shane Jenkins' actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third:      the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

**Definitions**

---

[1] Source: (18 U.S.C. § 231(a)(3); *United States v. Thomas Webster*, 21-cr-32-APM, ECF No. 101, at 15-18 (D.D.C. August 2, 2022); *United States v. Guy Wesley Reffitt*, 21-cr-208-DLF, ECF No. 65, at 2, 8-11 (D.D.C. November 24, 2021); *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, No. 20-cr-104 (D. Minn. Mar. 12, 2021) (ECF No. 81)). There are no objections to this instruction.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether Shane Jenkins acted knowingly, you may consider all of the evidence, including what the defendant did or said.

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes executive departments.  The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

For the U.S. Capitol Police and Metropolitan Police Departments, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

**Attempt**

In Count One, Shane Jenkins is also charged with attempt to commit the crime of civil

disorder.  An attempt to commit civil disorder is a crime even if the defendant did not actually complete the crime of civil disorder.

In order to find the defendant guilty of attempt to commit civil disorder, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First:          that Shane Jenkins intended to commit the crime of civil disorder, as I have defined that offense above.

Second:       that Shane Jenkins took a substantial step toward committing civil disorder which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find Shane Jenkins guilty of attempt to commit civil disorder merely because he thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find Shane Jenkins guilty of attempt to commit civil disorder merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that Shane Jenkins took some firm, clear, undeniable action to accomplish his intent to commit civil disorder.  However, the substantial step element does not require the government to prove that Shane Jenkins did everything except the last act necessary to complete the crime

## Count Two – Obstruction of an Official Proceeding and Aiding and Abetting
## (Violation of 18 U.S.C. §§ 1512(c)(2), 2)[2]

Count Two of the Superseding Indictment charges Shane Jenkins with corruptly obstructing an official proceeding, which is a violation of the law.  Count Two also charges Shane Jenkins with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense.

**Elements**

In order to find Shane Jenkins guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First:       Shane Jenkins attempted to or did obstruct or impede an official proceeding.

Second:       Shane Jenkins intended to obstruct or impede the official proceeding.

Third:       Shane Jenkins acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth:       Shane Jenkins acted corruptly.

---

[2] Source: (18 U.S.C. §§ 1512(c)(2), 2; *United States v. Reffitt*, No. 1:21-cr-32, 2022 WL 712844 (D.D.C.), Final Jury Instructions at 25, ECF No. 119; *United States v. Robertson*, No. 1:21-cr-34, 2022 WL 1101660 (D.D.C.), Final Jury Instructions at 12, ECF No. 86; *United States v. Hale-Cusanelli*, No. 1:21cr37, 2022 WL 1731979 (D.D.C.), Final Jury Instructions at 24, ECF No. 84 (language slightly different from the standard, but same four elements); *United States v. Bledsoe*, No. 1:21-cr-204, Final Jury Instructions at 6-7, ECF No. 215; and *United States v. Williams*, No. 1:21-cr-377, Final Jury Instructions at 6-7, ECF No. 112 (language slightly different from the standard, but same four elements).

**Definitions**

The term "official proceeding" includes a proceeding before the Congress.  The official proceeding need not be pending or about to be instituted at the time of the offense.  If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to Shane Jenkins.

The term "official proceeding" means Congress's Joint Session to certify the Electoral College vote[3].

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what Shane Jenkins did or said.

To act "corruptly," Shane Jenkins must use unlawful means or have a wrongful or an unlawful purpose, or both.  The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly.  In contrast, an individual who obstructs or impedes a court proceeding by

---

[3] Defendant objects to this sentence and propose to revise it as follows:

For purposes of Count Two, the superseding indictment alleges that the "official proceeding" is Congress's Joint Session to certify the Electoral College vote, as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.

bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

**Attempt**

In Count Two, Shane Jenkins is also charged with attempt to commit the crime of obstruction of an official proceeding.  An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding.

In order to find Shane Jenkins guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

**Elements**

First:      that Shane Jenkins intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second:    that Shane Jenkins took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find Shane Jenkins guilty of attempt to commit obstruction of an official proceeding merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find Shane Jenkins guilty of

attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

### Aiding and Abetting

In this case, the government further alleges that Shane Jenkins aided and abetted others in committing obstruction of an official proceeding as charged in Count One. A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find Shane Jenkins guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

### Elements

First:      that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second:   that Shane Jenkins knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third:    that Shane Jenkins performed an act or acts in furtherance of the offense.

Fourth:       that Shane Jenkins knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth:        that Shane Jenkins did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that Shane Jenkins performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by Shane Jenkins which at least encouraged others to commit the offense. That is, you must find that Shane Jenkins act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. Shane Jenkins' act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense. Also, Shane Jenkins' acts need not themselves be against the law.

In deciding whether Shane Jenkins had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including Shane Jenkins' words and actions and other facts and circumstances. However, evidence that Shane Jenkins merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find Shane Jenkins guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find Shane Jenkins guilty of the obstruction of an official proceeding as an aider

11

and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

## Count Three:  Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon 18 U.S.C. § 111(a)(1), (b))[4]

Count Three of the Superseding Indictment charges the defendant with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or an employee of the United States who was then engaged in the performance of his official duties, which is a violation of federal law.  Count Three additionally charges that the defendant, in the commission of such acts, used a deadly or dangerous weapon, and acted with the intent to commit another felony.

I am going to instruct you on this charge and explain the various elements that you must consider.  After I give you the elements of these crimes, I will tell you in what order you should consider them.

### Elements of Section 111(b) offense

In order to find the defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or an employee of the United States who was then engaged in the performance of his official duties, while using a deadly or dangerous weapon, you must find the following elements beyond a reasonable doubt:

First:          the defendant assaulted, resisted, opposed, impeded, intimidated, or
                 interfered with an officer from the Metropolitan Police Department.

---

[4] Source: (18 U.S.C. §§ 111(a)(1) and (b)).

12

| Second: | the defendant did such acts forcibly. |
|---|---|
| Third: | the defendant did such acts voluntarily and intentionally. |
| Fourth: | the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his official duties. |
| Fifth: | in doing such acts, the defendant used or carried a deadly or dangerous weapon, namely, a tomahawk axe, a flag pole, a desk drawer, and stick-like objects, or inflicted bodily injury.[5] |

## **Elements of Section 111(a) offense**

In order to find the defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or an employee of the United States who was then engaged in the performance of his official duties, while making physical contact with the person or acting with the intent to commit another felony, you must find the following elements beyond a reasonable doubt:

| First: | the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the Metropolitan Police Department. |
|---|---|
| Second: | the defendant did such acts forcibly. |
| Third: | the defendant did such acts voluntarily and intentionally. |

---

[5] When charging an offense under Section 111(b), the government does not need to further prove the elements of Section 111(a)'s enhanced penalty provision— "physical contact" or "intent to commit another felony."  *See United States v. Stands Alone*, 11 F.4th 532, 535 (7th Cir. 2021) ("[A] defendant violates § 111(b) by causing bodily injury to a federal officer while committing one or more of the following acts: assault, resist, oppose, impede, intimidate, and interfere."); *United States v. Siler*, 734 F.3d 1290, 1297 (11th Cir. 2013) ("[P]physical contact is not required as a predicate act or element of § 111(b) so long as acts encompassed in the first separate crime were committed and in doing so the defendant used a deadly or dangerous weapon or inflicted bodily injury.").

Fourth:     the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his official duties.

Fifth:     the defendant made physical contact with and assaulted a person who was an officer or an employee of the United States who was then engaged in the performance of his official duties or acted with the intent to commit another felony.  For purposes of this element, "another felony" refers to the offense charged in Count One.

**<u>Order of considering the charges</u>**

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or an employee of the United States who was then engaged in the performance of his official duties, while using a deadly or dangerous weapon.  You should then consider whether the defendant is guilty of assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or an employee of the United States who was then engaged in the performance of his official duties, while making physical contact with the person or acting with the intent to commit another felony.

 **Definitions**

The defendant acted "forcibly" if he used force, attempted to use force, or threatened to use force against the officer.  A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so.  A finding that one used force (or

14

attempted or threatened to use it) isn't the same as a finding that he attempted or threatened to inflict injury. In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly, and that the defendant intended to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

You are instructed that the victim was an Officer with the Metropolitan Police Department and that it was a part of the official duty of such officer to assist federal officers in protecting the U.S. Capitol complex on January 6, 2021, and detaining individuals who lacked authorization to enter the restricted area around the complex. It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

The last element the government must prove beyond a reasonable doubt is that the defendant used or carried a "deadly or dangerous weapon" during and in relation to the offense. Whether the objects specified in the indictment, that is, a tomahawk axe, a flag pole, a desk drawer, and a stick-like object, are deadly or dangerous weapons depends on the facts of the particular case. It is for you to decide on the facts of this case, whether the tomahawk axe, flag pole, desk drawer, and stick-like object allegedly carried by the defendant were, in fact, deadly or dangerous weapons. An object may be considered a "deadly or dangerous weapon" for one of two reasons. First, an object is a deadly or dangerous weapon if it is inherently or obviously

dangerous or deadly. Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant carries it with the intent that it be used in a manner capable of causing serious bodily injury. The defendant need not have actually used the object in that manner.[6]

## Count Four – Theft of Government Property
## 18 U.S.C. § 641[7]

Count Four of the Superseding Indictment charges Shane Jenkins with Theft of United States Government Property, specifically, a riot shield, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of theft of property of the United States, you must find that the government proved each of the following elements beyond a reasonable doubt:

First:     that the riot shield described in the indictment was property of some value belonging to the United States or any of its departments or agencies.

Second:    that the defendant stole, embezzled, purloined, or knowingly converted to his own use that property.

Third:     that the defendant intended to deprive, without right, the United States government of the use or benefit of the property.

**Definitions**

"Property" means anything of value which is capable of being possessed, including

---

[6] *United States v. Richard Barnett,* 21-cr-00038-CRC, ECF No. 158, at 17 (D.D.C. January 23, 2023)

[7] Source: (18 U.S.C. § 641; *United States v. Richard Barnett,* 21-cr-00038-CRC, ECF No. 158, at 24 (D.D.C. January 23, 2023)

16

physical personal property.

"Value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

## Count Five – Destruction of Government Property
## 18 U.S.C. § 1361[8]

Count Five of the Superseding Indictment charges Shane Jenkins with Destruction of United States Government Property, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of injuring, damaging, or destroying property of the United States, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First:          that the defendant injured, damaged, or destroyed property;

Second:      that the defendant did so willfully.

Third:        that the property involved was property of the United States, or of any department or agency thereof; and

Fourth:       the damage or attempted damage to the property in question exceeded the sum of $1,000.

**Definitions**

A defendant acts "willfully" if the defendant acted with a bad purpose or knowledge that the defendant's conduct was unlawful. While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant

---

[8] Source: (18 U.S.C. § 1361; *United States v. Crowl et al.,* 21-cr-00028-APM, ECF No. 823, at 26 (D.D.C. January 12, 2023)

was aware of the specific law that the defendant's conduct violated.

The government also does not need to prove that the defendant knew that the property belonged to the United States. You must decide whether the value of the property damaged was $1,000 or more. Value means fair market value at the time when and the place where the property was allegedly damaged or destroyed. The fair market value of the damaged or destroyed property is measured by the cost of repairing or the cost of replacing the property, whichever is less. Do not speculate or guess at the value of the property. Base your determination only on the evidence.

### Count Six – Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon 18 U.S.C. § 1752(a)(1) and (b)(1)(A)[9]

Count Six of the Superseding Indictment charges Shane Jenkins with entering or remaining in a restricted building or grounds while using or carrying a dangerous weapon, which is a violation of federal law. I am going to instruct you on this charge and also on the lesser included offense of entering and remaining in a restricted building or grounds. After I give you the elements of these crimes, I will tell you what order you should consider them.

**Elements**

In order to find the defendant guilty of entering or remaining in a restricted building or grounds while carrying a dangerous or deadly weapon, you must find that the government proved each of the following elements beyond a reasonable doubt:

First:         that the defendant entered or remained in a restricted building without

---

[9] Source: (18 U.S.C. § 1752(a)(1) and (b)(1)(A); *United States v. Richard Barnett,* 21-cr-00038-CRC, ECF No. 158, at 16 (D.D.C. January 23, 2023))

lawful authority to do so.

Second: that the defendant did so knowingly.

Third: that the defendant used or carried a deadly or dangerous weapon, namely, a tomahawk axe, a flag pole, a desk drawer, and stick-like objects, during and in relation to the offense.

In order to find the defendant guilty of entering or remaining in a restricted building or grounds—the lesser included offense that does not include the deadly or dangerous weapon element—you must find that the government proved each of the following elements beyond a reasonable doubt:

First: that the defendant entered or remained in a restricted building without lawful authority to do so.

Second: that the defendant did so knowingly.

### Order of considering the charges

Now I am going to instruct you as to the order in which you should consider these offenses. You should consider first whether the defendant is guilty of entering or remaining in a restricted building or grounds while carrying a dangerous or deadly weapon. If you find the defendant guilty, do not go on to consider if the defendant is guilty of the lesser included offense of entering or remaining in a restricted building or grounds. If you find the defendant not guilty of entering or remaining in a restricted building or grounds while carrying a dangerous or deadly weapon, go on to consider whether the defendant is guilty of the lesser included offense of entering or remaining in a restricted building or grounds. And if, after making all reasonable efforts to reach a verdict on the charge that includes carrying a dangerous or deadly weapon, you are not able to do so, you are allowed to consider the other entering or remaining charge.

This order will be reflected in the verdict form that I will be giving you.

**Definitions**

The term "restricted building" means any posted, cordoned off, or otherwise restricted area of a building where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning as that described for Count One. A person who enters or remains in a restricted area with a good faith belief that he is entering with lawful authority is not guilty of this offense. Thus, you cannot find the defendant guilty of this Count unless you are convinced beyond a reasonable doubt that he did not have a good faith belief of his lawful authority to enter or remain in the restricted building.

The term "deadly or dangerous weapon" has the same meaning as that described for Count Three.

## <u>Count Seven – Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon 18 U.S.C. § 1752(a)(2) and (b)(1)(A)[10]</u>

Count Seven of the Superseding Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, while using or carrying a dangerous or deadly weapon, which is a violation of federal law. I am going to instruct you on this charge and also on the lesser included offense of disorderly or disruptive conduct in a restricted building or grounds. After I give you the elements of these crimes, I will tell you in what order you should consider them.

**Elements**

In order to find the defendant guilty of disorderly or disruptive conduct in a restricted building or grounds, while carrying a dangerous or deadly weapon, you must find that the government proved each of the following elements beyond a reasonable doubt:

First:      that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building.

Second:   that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third:     that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Fourth:   that the defendant used or carried a deadly or dangerous weapon, namely, a tomahawk axe, a flag pole, a desk drawer, and stick-like objects, during and in relation to the offense.

---

[10] Source: 18 U.S.C. § 1752(a)(2) and (b)(1)(A); *United States v. Richard Barnett,* 21-cr-00038-CRC, ECF No. 158, at 18 (D.D.C. January 23, 2023))

In order to find the defendant guilty of disorderly or disruptive conduct in a restricted building or grounds—the lesser included offense that does not include the deadly or dangerous weapon element—you must find that the government proved each of the following elements beyond a reasonable doubt:

First:      that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building.

Second:     that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third:      that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

## Order of considering the charges

Now I am going to instruct you as to the order in which you should consider these offenses. You should consider first whether the defendant is guilty of disorderly or disruptive conduct in a restricted building or grounds, while carrying a dangerous or deadly weapon. If you find the defendant guilty, do not go on to consider if the defendant is guilty of the lesser included offense of disorderly or disruptive conduct in a restrict building or grounds. If you find the defendant not guilty, go on to consider whether the defendant is guilty of the lesser included offense of disorderly or disruptive conduct in a restricted building or grounds. And if, after making all reasonable efforts to reach a verdict on the charge that includes carrying a dangerous or deadly weapon, you are not able to do so, you are allowed to consider the other disorderly or disruptive conduct charge.

This order will be reflected in the verdict form that I will be giving you.

**Definitions**

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The term "restricted building" has the same meaning as described in Count Three.

The term "knowingly" has the same meanings as described in the instructions for Count One.

The term "deadly or dangerous weapon" has the same meaning as described in the instructions for Count Three.

### Count Eight – Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon 18 U.S.C. § 1752(a)(4) and (b)(1)(A)[11]

Count Eight of the Superseding Indictment charges the defendant with engaging in an act of physical violence in a restricted building or grounds, while using or carrying a dangerous or deadly weapon, which is a violation of federal law. I am going to instruct you on this charge and also on the lesser included offense of disorderly or disruptive conduct in a restricted building or grounds. After I give you the elements of these crimes, I will tell you in what order you should consider them.

**Elements**

In order to find the defendant guilty of engaging in an act of physical violence in a

---

[11] Source: 18 U.S.C. § 1752(a)(4) and (b)(1)(A).

restricted building or grounds, while using or carrying a dangerous or deadly weapon, you must find that the government proved each of the following elements beyond a reasonable doubt:

First:   that the defendant engaged in any act of physical violence against any person in any restricted building or grounds.

Second:   that the defendant did so knowingly.

Third:   that the defendant used or carried a deadly or dangerous weapon, namely, a tomahawk axe, a flag pole, a desk drawer, and stick-like objects, during and in relation to the offense.

In order to find the defendant guilty of engaging in physical violence in a restricted building or grounds - the lesser included offense that does not include the deadly or dangerous weapon element—you must find that the government proved each of the following elements beyond a reasonable doubt:

First:   that the defendant engaged in any act of physical violence against any person in any restricted building or grounds.

Second:   that the defendant did so knowingly.

### Order of considering the charges

Now I am going to instruct you as to the order in which you should consider these offenses. You should consider first whether the defendant is guilty of engaging in physical violence in a restricted building or grounds, while carrying a dangerous or deadly weapon. If you find the defendant guilty, do not go on to consider if the defendant is guilty of the lesser included offense of engaging in physical violence in a restricted building or grounds. If you find the defendant not guilty, go on to consider whether the defendant is guilty of the lesser included offense of engaging in physical violence in a restricted building or grounds. And if, after making

24

all reasonable efforts to reach a verdict on the charge that includes carrying a dangerous or deadly weapon, you are not able to do so, you are allowed to consider the other engaging in physical violence in a restricted building or grounds charge.

This order will be reflected in the verdict form that I will be giving you.

**Definitions**

The term "knowingly" has the same meaning described in the instructions for Count Six.

The term "restricted building or grounds" has the same meanings as described in the instructions for Count Seven.

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or damage to, or destruction of, real or personal property.

The term "deadly or dangerous weapon" has the same meaning as described in the instructions for Count Three.

## <u>Count Nine – Disorderly Conduct in a Capitol Building</u><br><u>40 U.S.C. § 5104(e)(2)(D)</u>[12]

Count Ten of the Superseding Indictment charges Shane Jenkins with disorderly and disruptive conduct in a Capitol Building, which is a violation of federal law.

In order to find the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

**Elements**

First:      that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

---

[12] Source: (40 U.S.C. § 5104(e)(2)(D)).

Second:     that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of either House of Congress.

Third:     that the defendant acted willfully and knowingly.

**Definitions**

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Eight defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law.  "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

The term "knowingly" has the same meaning described in the instructions for Count Six.


## Count Ten – Act of Physical Violence in the Capitol Grounds or Building
## 40 U.S.C. § 5104(e)(2)(F)[13]

Count Ten of the Superseding Indictment charges Shane Jenkins with engaging in physical violence in the Capitol Grounds or a Capitol Building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

**Elements**

First:     that the defendant engaged in an act of physical violence in any of the

---

[13] Source: (40 U.S.C. § 5104(e)(2)(F)).

United States Capitol Buildings or Grounds.

Second:        that the defendant acted willfully and knowingly.

**Definitions**

The term "act of physical violence" has the same meaning as described in the instruction for Count Eight.

The terms "United States Capitol Buildings," "knowingly," and "willfully" have the same meanings described in the instructions for Count Nine.

Respectfully submitted,

FOR THE UNITED STATES
Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By: */s/ David J. Perri*
DAVID PERRI
WV Bar No. 9219
Assistant United States Attorney - Detailee
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (304) 234-0100
Email: David.perri@usdoj,gov


By: */s/ Holly F. Grosshans*
HOLLY F. GROSSHANS
Assistant United States Attorney
D.C. Bar No. 90000361
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-6737
Email: Holly.Grosshans@usdoj.gov