UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-245-APM |
| : | |
| SHANE JENKINS, : | |
| : | |
| Defendant. : | |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO CONTINUE TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the "Defendant Shane Jenkins' Motion to Continue Trial." [ECF No. 66] The defendant urges this Court to grant a continuance in this case because the House Speaker announced that lawyers representing defendants facing charges stemming from the events at the Capitol on January 6, 2021, would be granted access to previously undisclosed United States Capitol Security footage. [Motion at p. 1] He wants "additional time" for his Counsel to ". . . adequately and diligently review all discovery pertaining to Mr. Jenkins and to determine whether any video contains relevant and material information . . . ." [Motion at p. 3] The defendant demands access to evidence that is likely immaterial, outside the government's possession, and/or already provided in discovery. Accordingly, his Motion should be denied.

To start, the defendant suggests that a continuance is necessary to allow the Defense time to review any surveillance footage to which they may not have had access and which may be released at some later time. But this argument does not warrant a continuance at this stage. The United States is unaware of the extent or content of the material that a member of the legislative branch purportedly provided to other individuals. This Court should not commit to an indefinite trial extension for this Defendant, or for any defendants, based on the unsupported allegation that

1

pertinent information may exist somewhere, but is not currently known to either the prosecution or the Defense. Chief Judge Howell identified the fallacy of this argument when considering a similar motion in the context of the January 6 House Select Committee: "Taken to its logical endpoint, defendant's argument would preclude nearly *any* criminal trial on *any* subject, *ever*, from proceeding, as it is *always* possible that relevant information exists somewhere that is not fully known by or in the possession of the parties." *United States v. Anthony Williams*, 21-cr-377, ECF No. 108, at 5-6.

The United States has provided voluminous global and case-specific discovery in this case. In addition to the case-specific discovery that has been provided to the defendant (which includes, *inter alia*, videos of the defendant breaking a window with a metal tomahawk and throwing various objects at officers in the Lower West Terrace tunnel), as of March 6, 2023, over 4.91 million files (7.36 terabytes of information) have been provided to the defense Relativity workspace. These files include (but are not limited to) the results of searches of 759 digital devices and 412 Stored Communications Act accounts; 5,254 FBI FD-302s and related attachments (FD-302s generally consist of memoranda of interviews and other investigative steps); 395 digital recordings of subject interviews; and 149,130 (redacted or anonymous) tips. Over 30,000 files that include body-worn and hand-held camera footage from five law enforcement agencies and surveillance-camera footage from three law enforcement agencies have been shared to the defense evidence.com video repositories. For context, the files provided amount to over nine terabytes of information and would take at least 361 days to view continuously. *All* of this information is accessible to the defendant, as well as camera maps and additional tools that assist any defense counsel with conducting their own searches for information that they might believe is relevant. With respect to U.S. Capitol Police Closed Circuit Video ("CCV"), subject to some exclusions such as evacuation

footage and cameras depicting sensitive areas (that would also not capture relevant moments related to the charges the defendant now faces), the defendant, like *all* January 6 defendants, has had access to nearly all exterior USCP camera footage as well as nearly all interior Capitol and Capitol Visitor Center footage recorded on January 6, 2021 from noon to 8 p.m.

Perhaps most importantly, the defendant offers no non-speculative reason to believe that any additional video surveillance footage, which may not have been provided to the defendant in the course of global discovery, will have any material bearing on the evidence in this case, or on this defendant's conduct. All in all, the defendant's proffer fails to establish a genuine need for a continuance.

As this Court knows, unconnected with this prosecution, the Speaker of the U.S. House of Representatives has purportedly provided access to CCV footage to a third party. With respect to such footage, the government has had no role in providing access, limiting access, or otherwise directing how or under what circumstances the legislative branch should provide any material to any third party.

Nevertheless, on March 6, 2023, the television host of the national television show broadcasted limited amounts of CCV footage. Nearly all of the footage displayed on the program has long been in the possession of defense counsel through global discovery and, in some cases, has also been admitted in public hearings and/or trials and has been available to, released to, and/or published by news media. *See* Standing Order 21-28 (BAH) (recognizing "[t]he significant public and media interest in the numerous criminal cases arising from the January 6, 2021 violent breach of the U.S. Capitol" and providing a procedure for media receipt of video evidence used in trials and public hearings); *see* Government's Global Production No. 12 (noting that all USCP CCV received had been provided in discovery with the exception of footage depicting five categories of

excluded images, including "evacuation routes," but committing to reviewing all such footage for potentially discoverable information).

The defendant's suggestion that he faces prejudice due to the potential existence of additional information that he has never seen, reviewed, or assessed is rank speculation.[1] The defendant has not provided any authority in support of his suggestion that the mere fact of third-party access to relevant information should necessitate the continuance of criminal proceedings.

As Chief Judge Howell noted, the United States' discovery obligations in a criminal case are properly limited to materials that are potentially relevant to a defendant's case in the government's possession or control, and the government is not obliged to acquire materials possessed or controlled by others. *See United States v. Anthony Williams*, 21-cr-377, ECF No. 108, at 6 (citing *United States v. Meija*, 488 F.3d 436, 444-45 (D.C. Cir. 2006) (rejecting defense argument that government's discovery obligations extended to securing potentially relevant material held by a foreign government)); *United States v. Marshall*, 132 F.3d 63, 68 (D.C. Cir. 1998) (observing that "the government cannot be required to disclose evidence that it neither possesses nor controls"); *United States v. Weisz*, 718 F.2d 413, 436 (D.C. Cir. 1983) (noting that the "duty of disclosure attaches in some form once the [g]overnment has first gathered and taken possession of the evidence in question" (emphasis in original) (quoting *United States v. Brant*, 439 F.2d 642, 644 (D.C. Cir. 1971)); *see also United States v. Liddy*, 542 F.2d 76, 83 (D.C. Cir. 1976) (declining to reach the question whether the Jencks Act or *Brady* principles reach "materials in the possession of Congressional Committees").

In this instance, the defendant essentially asks this Court to delay the trial indefinitely to

---

[1] Defendant states: "Video evidence depicting Mr. Jenkins would constitute both exculpatory and material evidence." [Motion at p. 3] The United States disputes both the factual and legal accuracy of this conclusory assertion.

authorize a fishing expedition of materials that may or may not be available for public consumption and may or may not be relevant to his case. The events of January 6, 2021 occurred more than two years ago, and the defendant was charged just over two years ago. At this point, the trial is two weeks away. Put simply, the ends of justice are not served by any further delay in the resolution of this case.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the Defendant's request for a continuance of this trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ David J. Perri
David J. Perri
WV Bar Number: 9219
Assistant United States Attorney Detailee
United States Attorney's Office
Northern District of West Virginia
1125 Chapline St., Suite 3000
Wheeling, WV 26003
(304) 234-0100

By: /s/ Holly F. Grosshans
HOLLY F. GROSSHANS
Assistant United States Attorney
D.C. Bar No. 90000361
U.S. Attorney's Office
for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-6737
Email: Holly.Grosshans@usdoj.gov

**CERTIFICATE OF SERVICE**

I, David J. Perri, Assistant United States Attorney for the District of Columbia, hereby certify that the foregoing UNITED STATES' OPPOSITION TO CONTINUE TRIAL has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to the following:

    Dennis Boyle, Esq.
    Blerina Jasari, Esq.
    Boyle & Jasari,
    1050 Connecticut Ave., NW, Suite 500
    Washington, D.C. 20036

Dated: March 7, 2023

                                             By: */s/ David J. Perri*
                                                    David J. Perri
                                                    WV Bar Number: 9219
                                                    Assistant United States Attorney Detailee
                                                    United States Attorney's Office
                                                    Northern District of West Virginia
                                                    1125 Chapline St., Suite 3000
                                                    Wheeling, WV 26003
                                                    (304) 234-0100

                                             By: */s/ Holly F. Grosshans*
                                                   HOLLY F. GROSSHANS
                                                   Assistant United States Attorney
                                                   D.C. Bar No. 90000361
                                                   U.S. Attorney's Office for the District of
                                                        Columbia
                                                   601 D Street, N.W.
                                                   Washington, D.C. 20530
                                                   Phone: (202) 252-6737
                                                   Email: Holly.Grosshans@usdoj.gov