IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-CR-245 (APM) |
| | : |
| SHANE JENKINS, | : |
| | : |
| Defendant. | : |

**DEFENDANT SHANE JENKINS' REPLY IN
SUPPORT OF MOTION TO CONTINUE TRIAL**

Defendant Shane Jenkins ("Mr. Jenkins"), by and through undersigned counsel, respectfully submits this Reply to the Government's Opposition to Mr. Jenkins' Motion to Continue Trial. In its Opposition, the government contends that defendant's access to evidence is "likely immaterial, outside the government's possession, and/or already provided in discovery." Gov. Opp. at 1.

Mr. Jenkins' Motion to Continue Trial should be granted because the video evidence requested could very likely be material based on what has already been released to the public, it is not outside the United States government's possession, and has not already been provided in discovery.

**ARGUMENT**

**A.   Mr. Jenkins Should Have an Opportunity to Review Newly Discovered Evidence that is Directly Related to the Events in Question.**

The government in its Opposition contends that the newly discovered evidence will have no material bearing on the defendant's case. Gov. Opp. at 3. However, this is not true. Rather this evidence could be crucial in depicting the full story of what occurred at the Capitol Building on January 6, 2021, especially the factual circumstances surrounding Mr. Jenkins' case.

The government has a legal obligation to release pertinent information to the defense during discovery. *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963). Video evidence that demonstrates the full narrative of January 6, 2021, is pertinent information to defendants facing charges related to events that took place on that day. Specifically, the released video evidence depicts relevant interactions between defendants and police officers on January 6th. For example, recently released footage shows two Capitol Police officers escorting another January 6th defendant, Jacob Chansley, through the halls of the Capitol Building and to the U.S. Senate floor. Miranda Devine, *Jan. 6. Footage shows Capitol cops escorting QAnon Shaman to Senate floor*, NEW YORK POST (Mar. 6, 2023), https://nypost.com/2023/03/06/jan-6-footage-shows-cops-bringing-qanon-shaman-to-senate-floor/. This video evidence was only recently released to Tucker Carlson.

While the videos released in the news thus far do not depict Mr. Jenkins, other videos in the release presumably do. These videos may demonstrate interactions between Mr. Jenkins and Metropolitan or Capitol Police Officers. As Tucker Carlson announced, "[v]irtually every moment of [Mr. Chansley's] time inside the Capitol was caught on tape." *Ibid.* How Mr. Jenkins is depicted at the Capitol is limited to the video evidence already produced, however this newly discovered video evidence may give a broader narrative and fully demonstrate Mr. Jenkins' actions at the Capitol on January 6, 2021.

The government cites to numerous cases holding that the prosecution's "discovery obligations in a criminal case are limited to materials that are potentially relevant to a defendant's case in the government's possession or control, and the government is not obliged to acquire materials possessed or controlled by others." Gov. Opp. at 4. Evidence is relevant if it "would tend to show freedom from fault, guilt or blame." *United States v. Blackley*, 986 F.Supp.

600, 603 (D.D.C. 1997).  The government cites to *United States v. Anthony Williams*, which held the government does not have an obligation to secure potentially relevant material held by a foreign government. 21-cr-377, ECF No. 108, at 6.  The information Mr. Jenkins is requesting to review is not in a foreign government's possession, but rather in the possession of the United States government.

Next, the government cites to *United States v. Marshall*, in which the court observed that "the government cannot be required to disclose evidence that it neither possesses nor controls[.]" 132 F.3d 63, 68 (D.C. Cir. 1998).  However, in *Marshall*, it was not in dispute that the government turned over all records to the defense as soon as it discovered them. *Ibid.*  Here, the government knew about the video evidence that was recently released, and this evidence has subsequently been released to FOX news, and more specifically, to Tucker Carlson.  There is no reason these materials cannot be turned over to Mr. Jenkins as well, who is facing trial for his alleged conduct on January 6th.

Finally, the government cites to *United States v. Liddy*, which held that it will not make a ruling on "the applicability of the Jenks Act or of the principals of *Brady v. Maryland*, as to materials in possession of Congressional Committees." *United States v. Liddy*, 542 F.2d 76, 83 (D.C. Cir. 1976).  In *Liddy*, the court held that the "failure to produce [a] House Subcommittee transcript was harmless beyond a reasonable doubt." *Ibid.*  Here, video evidence depicting Mr. Jenkins on the grounds of the Capitol, and potentially his interactions with law enforcement officers, is extremely relevant to the case at bar.  The video evidence is likely relevant; therefore Mr. Jenkins requests a continuance of his trial in order to review the newly released information and adequately prepare for trial.

**B.     The Evidence is Available for Consumption by the Defense and the Government**

The government states that this Motion to Continue Trial is a "fishing expedition for materials that may or may not be available for consumption." Gov. Opp. at 5.  This evidence is available for consumption, as shown by its immediate release to Tucker Carlson. Ewan Palmer, *Tucker Carlson's Jan. 6 Video Tapes Release – Four Biggest Revelations*, NEWSWEEK (March 7, 2023), https://www.newsweek.com/tucker-carlson-jan6-videos-capitol-riot-1785944.  The defense is not seeking to go on a fishing expedition, but rather is intending to adequately review all material that it suspects will be relevant for its case.  The video evidence likely contains material information pertaining to factual circumstances surrounding the issues in Mr. Jenkins' case.

Furthermore, on March 3, 2023, this Court delayed ruling on a defendant's request to release video in his January 6th case. *United States v. Pope*, 21-cr-128 (Feb. 17, 2021). The defendant argued that the video evidence shows undercover Metropolitan Police officers inciting protestors on January 6. *Ibid.*  The Court held it wanted to know more about news reports this week regarding House Speaker Kevin McCarthy plans to release more than 40,000 hours of Capitol security footage to the broader public and to lawyers of defendants charged in connection with the insurrection. Judy L. Thomas, *Judge in Kansas man's Jan. 6 case wants more info on video given Tucker Carlson, others*, THE KANSAS CITY STAR (Mar. 3, 2023), https://www.kansascity.com/news/politics-governm ent/article272706350.html#storylink+cpy. This ruling demonstrates the availability of this evidence and its potential relevance for January 6th defendants, including Mr. Jenkins.

### C.     This Video Evidence Has Not Already Been Produced in Discovery

The United States in its Response stated, "defendant demands access to evidence that is already provided in discovery." Gov. Opp. at 1.  A few sentences later, the government admits that it "is unaware of the extent or content of the material that a member of the legislative branch purportedly provided to other individuals." *Ibid.*  Further, the United States Congress itself moved to provide defendants in January 6th related cases over 41,000 hours of security footage, not just one member.  Moreover, this footage has not been reviewed by the defense nor the government and therefore its relevancy has yet to be fully determined by either party.

Also, the government contends that it has already provided Mr. Jenkins with "voluminous global and case-specific discovery in this case", however this proposition is irrelevant as to the newly discovered evidence.  The government has a legal obligation to release pertinent information to the defense during discovery.  *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963).  The release of other information, no matter how voluminous, does not affect whether the new evidence is more or less relevant to this case.  This new evidence should be produced.

The government cites to *United States v. Anthony William*, 21-cr-377, ECF No. 108, at 5-6, which held that "defendant's argument would preclude nearly any criminal trial on any subject, ever, from proceeding, as it is always possible that relevant information exists somewhere that is not fully known by or in the possession of the parties." Gov. Opp. at 2.  However, this new information is fully known by members of the United States Government.  It is not evidence that may or may not exist, but rather we know this evidence exists and has been approved to be released to criminal defendants in January 6th related cases. *See* Motion at 1-2.  Justice requires the defense has an opportunity to review this additional information and

determine its relevancy for trial. *See Wardius v. Oregon*, 412 U.S. 470, 474 (1973) (Holding "[t]he growth of … discovery devices is a salutary development which, by increasing the evidence available to both parties, enhances the fairness of the adversary system.")

Mr. Jenkins' Motion must be granted.

## CONCLUSION

Based upon the foregoing and the reasons set forth in his motion, Defendant Shane Jenkins respectfully requests that this Honorable Court grant his Motion to Continue Trial.

Dated: March 9, 2023                          */s/ Dennis E. Boyle*
                                                      Dennis E. Boyle
                                                      Blerina Jasari
                                                      Boyle & Jasari
                                                      1050 Connecticut Ave, NW
                                                      Suite 500
                                                      Washington, D.C., 20036
                                                      Email:  dboyle@dennisboylelegal.com
                                                                   bjasari@dennisboylelegal.com
                                                      Phone: (202) 798-7600

                                                     *Counsel for Defendant Shane Jenkin*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2023, a true and correct copy of the foregoing document has been served electronically on counsel of record for all parties.

*/s/ Dennis E. Boyle*
Dennis E. Boyle, Esquire