**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                            )
**UNITED STATES OF AMERICA,**            )
                                                            )
      **Plaintiff,**                                     )
                                                            )
         **v.**                                          )          **Criminal No. 21-cr-00245 (APM)**
                                                            )
**SHANE JENKINS,**                                )
                                                            )
      **Defendant.**                                 )
_____ )

## JURY INSTRUCTIONS

Ladies and gentlemen, the time has now come when all of the evidence is in.  It is now up to me to instruct you on the law.  Before we talk about the specific charges alleged here and some of the specific issues in this case, I want to take a few moments to talk about some general rules of law.  Some of these will repeat what I told you in my preliminary instructions.

### Function of the Court

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you.  You should consider all the instructions as a whole.  You may not ignore or refuse to follow any of them.

### Function of the Jury

Your function, as the jury, is to determine what the facts are in this case.  You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence.  You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism.  You should not be improperly influenced by anyone's race, ethnic origin, or gender.  Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case, nor may you consider any of my actions or statements as indicating any bias towards a defendant or counsel. If you believe that I have expressed or indicated any such opinion, you should ignore it.  The verdict in this case is your sole and exclusive responsibility.

### Jury's Recollection Controls

If any reference by the court or the attorneys to the evidence does not coincide with your own recollection of the evidence, it is your recollection that should control during your deliberations.

### Notetaking by Jurors

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

### Burden of Proof – Presumption of Innocence

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt.  This burden never shifts throughout the trial. The law does not require the defendant to prove his innocence or to produce any evidence at all.  If you

2

find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

## Reasonable Doubt – Defined

The government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

## Nature of Charges Not to Be Considered

One of the questions you were asked when we were selecting this jury was whether the nature of the charges would affect your ability to render a fair and impartial verdict. There was a reason for that question. You must not allow the nature of the charges themselves to affect your

3

verdict.  You must consider only the evidence that has been presented in this case in rendering a fair and impartial verdict.

## Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

## Considering the Evidence in the Case

During your deliberations, you may consider only the evidence properly admitted in this trial.  The evidence in this case was the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts.  You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.  You should give any evidence such weight as in your judgment it is fairly entitled to receive.

## Statements of Counsel – Not Evidence

The statements and arguments of the lawyers are not evidence.  They are only intended to assist you in understanding the evidence.  Similarly, the questions of the lawyers alone are not evidence.

**Indictment Not Evidence**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Mr. Jenkins's guilt or draw any inference of guilt from it.

**Direct and Circumstantial Evidence**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he or she later testified in court about what they had seen, their testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that a person looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. That testimony about what had been seen would be circumstantial evidence that it had snowed while the person was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

## Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.  You must not hold such objections against the lawyer who made them or the party they represent.  It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.  If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.  Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

## Political Views and Beliefs

This case involves alleged conduct of the defendant that may be directly relevant to his political views or beliefs around the time of that conduct.  As a general matter, a person's political views are not a relevant consideration in deciding whether the government has met its burden of proof.  In some cases, such as this case, political beliefs or views may be relevant to a defendant's mental state, and if so, you should consider them only in this respect.  But you should not hold any perceived view of a defendant's political beliefs or views against him.

## Credibility of Witnesses

In determining whether the government has proved its case, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses.  In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject.  You may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience.  In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

### Preparation of Witness

You have heard testimony about witnesses meeting with attorneys and/or investigators before they testified.  You are instructed that it is perfectly proper for a lawyer or investigator to interview a witness in preparation for trial.

### Police Officer's or Law Enforcement Agent's Testimony

A police officer's or law enforcement agent's testimony should be considered by you just as any other evidence in the case.  In evaluating the officer's or agent's credibility you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer or law enforcement agent.

### Video and Audio Recordings

You heard testimony from Agent Avila concerning statements allegedly made by Mr. Jenkins in some video exhibits.  That testimony was furnished for your convenience and guidance as you listened to the recording to clarify portions of the recording that are difficult to hear and to help you identify speakers. The video recording, however, is the evidence in the case; Agent Avila's testimony about the statements is not.  If you notice any difference between Agent Avila's testimony and the recording, you must rely only on the recording and not her testimony.  In addition, if you cannot determine from the recording that particular words were spoken, you must disregard Agent Avila's testimony as far as those words are concerned.

## Testimony Regarding Video Features

You heard testimony from Agent Avila about certain features of video recordings, such as identifiable persons, that she used to sync the timing of those recordings.  Ultimately, it is up to you whether to accept that testimony and to determine what weight, if any, it deserves.

## Right of Defendant Not to Testify

Every defendant in a criminal case has an absolute right not to testify.  Mr. Jenkins has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume the defendant is guilty because he chose not to testify.

## Redacted Exhibits

During the course of this trial, some exhibits were admitted in evidence. Sometimes only those parts of an exhibit that are relevant to your deliberations were admitted. Where this has occurred, the irrelevant parts of the exhibit were blacked out or otherwise removed, or a video may have been played without audio.  There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy.  As you examine the exhibits, and you see where there appear to be omissions, you should consider only the portions that were admitted.  You should not guess as to what has been taken out, and you should not hold it against any party. You are to decide the facts only from the evidence that is before you.

## Search and Arrest Warrants

During the course of trial, you have heard evidence that law enforcement officers, as part of their investigation, sought and obtained search and arrest warrants.  You may not infer from the fact that these warrants were court-ordered that the defendant committed any of the offenses charged.  That

information was provided to you solely for the purpose of informing you how the government obtained certain evidence introduced in this case, and that the government's obtaining and use of this evidence was lawful.

### Proof of State of Mind

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequence of acts they intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

With these preliminary instructions in mind, let us turn to the charges against the defendant, as contained in the indictment.

### **Count One: Obstructing Officers During a Civil Disorder**

Count One of the indictment charges Shane Jenkins with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

### Elements

In order to find the defendant guilty of this offense, you must find the following elements beyond a reasonable doubt:

First, the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

### Definitions

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the

defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes executive departments.  The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia.

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

<u>Attempt</u>

In Count One, the defendant is also charged with attempt to commit the crime of obstructing officers during a civil disorder.  An attempt to obstruct officers during a civil disorder is a federal crime even if the defendant did not actually complete the crime of obstructing officers during a civil disorder.

In order to find a defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstructing officers during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempting to obstruct officers during a civil disorder merely because he thought about it.  Nor may you find the defendant guilty of attempting to obstruct officers during a civil disorder merely because the defendant was aware of the civil disorder.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempting to obstruct officers during a civil disorder merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to obstruct officers during a civil disorder.

However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

### Count Two: Obstruction of an Official Proceeding and Aiding and Abetting

Count Two of the indictment charges Shane Jenkins with corruptly obstructing an official proceeding, which is a violation of the law.  Count Two also charges Mr. Jenkins with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense. The Court will first explain the elements of the substantive offense, along with its associated definitions.  Then, the Court will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

### Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant did obstruct or impede an official proceeding.

Second, the defendant acted with the intent to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

### Definitions

The term "official proceeding" includes a proceeding before the Congress.  The official proceeding need not be pending at the time of the offense.  If the official proceeding was not pending at the time of the offense, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to Shane Jenkins.

For purposes of Count Two, the indictment alleges that the "official proceeding" is Congress's Joint Session to certify the Electoral College vote, as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15–18.

The term "knowingly" has the same meaning that I gave you previously.

To act "corruptly," the defendant must use unlawful means or act with an unlawful purpose, or both.  The defendant must also act with "consciousness of wrongdoing."  "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.  For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly.  In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

Attempt

In Count Two, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding.  An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find Mr. Jenkins guilty of attempt to commit obstruction of an official proceeding merely because he thought about it. You must find that the government has proven beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find Shane Jenkins guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

<u>Aiding and Abetting</u>

In this case, the government further alleges that Shane Jenkins aided and abetted others in committing obstruction of an official proceeding as charged in Count Two. A person may be guilty of an offense if he aided and abetted another person in committing the offense. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that Mr. Jenkins performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by Mr. Jenkins which at least encouraged others to commit the offense. That is, you must find that Shane Jenkins' act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. Shane Jenkins' act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense. Also, Mr. Jenkins' acts need not themselves be against the law.

In deciding whether Mr. Jenkins had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including his words and actions and other facts and circumstances. However, evidence that Mr. Jenkins merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not

17

enough for you to find him guilty as an aider and abettor.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find Mr. Jenkins guilty of the obstruction of an official proceeding as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

Concluding Remark for Count Two

Mr. Jenkins may be found guilty of the offense charged in Count Two if he obstructed an official proceeding, attempted to obstruct an official proceeding, or aided and abetted the obstruction of an official proceeding.  Each of these three ways of committing the offense is described in the instructions that I have given you.  You are not required to consider the ways of committing this offense in any particular order.  If you find beyond a reasonable doubt that the defendant committed the offense of obstruction of an official proceeding in any one of these three ways, you should find the defendant guilty of Count Two and you need not consider whether the defendant committed the offense of obstruction of an official proceeding in the other two ways.

**Count Three: Assaulting, Resisting, or Impeding Certain Officers Using
a Deadly or Dangerous Weapon**

Count Three of the indictment charges Mr. Jenkins with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who was then engaged in the performance of his official duties, which is a violation of federal law.  Count Three

additionally charges that Mr. Jenkins, in the commission of such acts, used a deadly or dangerous weapon, and made contact with the person, and acted with the intent to commit another felony.

I am going to instruct you on these charges and explain the various elements that you must consider.  I will also instruct you on the lesser offense of assaulting, resisting, opposing, impeding, intimidating, or interfering with any person assisting officers of the United States who are engaged in the performance of their official duties, and while making physical contact with the person or acting with the intent to commit another felony. After I give you the elements of these crimes, I will tell you in what order you should consider them.

### *Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon* <br> *(Greater Offense)*

In order to find a defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who was then engaged in the performance of his official duties, while using a deadly or dangerous weapon, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, in doing such acts, the defendant used a deadly or dangerous weapon and used the weapon intentionally.

19

With respect to the fifth element—use of a deadly or dangerous weapon—the indictment alleges the deadly or dangerous weapon to be a flagpole, a desk drawer, and stick-like objects.  In order to convict Mr. Jenkins of this offense, you must be unanimous that at least one of these objects constitutes a deadly or dangerous weapon.  The term "deadly or dangerous weapon" is defined below.

### *Assaulting, Resisting, or Impeding Certain Officers*
### *(Lesser Offense)*

In order to find the defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who was then engaged in the performance of his official duties, while making physical contact with the person or acting with the intent to commit another felony, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with and assaulted the person assisting officers of the United States who were then engaged in the performance of their official duties, or acted with the intent to commit another felony.  For purposes of this element, "another felony" refers to either of the offenses charged in Counts One or Two.

## Order of considering the charges

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who was then engaged in the performance of his official duties, while using a deadly or dangerous weapon. If you find the defendant guilty, do not go on to the other charge. If you find the defendant not guilty, go on to consider assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who was then engaged in the performance of his official duties, while making physical contact with the person or acting with the intent to commit another felony. And if, after making all reasonable efforts to reach a verdict on the charge that includes carrying a dangerous or deadly weapon, you are not able to do so, you are allowed to consider the lesser offense.

This order will be reflected in the verdict form that I will be giving you.

## Definitions

A person acts "forcibly" if he uses force, attempts to use force, or threatens to use force against the officer. A threat to use force at some unspecified time in the future is not sufficient to establish that a defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A finding that one used force (or attempted or threatened to use it) isn't the same as a finding that he attempted or threatened to inflict injury. In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

You are instructed that it was a part of the official duty of a Metropolitan Police Department officer to assist federal officers in protecting the U.S. Capitol complex on January 6, 2021, and detaining individuals who lacked authorization to enter the restricted area around the complex.  It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

An object may be considered a "deadly or dangerous weapon" for one of two reasons. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly.  Such inherently dangerous weapons include guns.  Second, if the object is not inherently or obviously dangerous or deadly, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person *and* the defendant used it in that manner.

Whether the objects specified in the indictment are deadly or dangerous weapons depends on the facts of the case.  Objects that have perfectly peaceful purposes may be turned into dangerous weapons when used in a manner capable of causing serious bodily injury or death.   In determining whether the object is a "deadly or dangerous weapon," you may consider both the physical capabilities of the object used and the manner in which the object is actually used.

Although the government is required to prove beyond a reasonable doubt that the defendant intentionally used the object, that is, the defendant did not use it by mistake or accident, it is not required to prove that the defendant intended to use the object as a weapon.

The term "serious bodily injury" means bodily injury which involves a substantial risk of death; extreme physical pain; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

## Count Four: Destruction of Government Property

Count Four of the indictment charges Shane Jenkins with destruction of United States government property, that is, a window, which is a violation of federal law.

### Elements

In order to find the defendant guilty of injuring, damaging, or destroying property of the United States, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, that the defendant injured, damaged, or destroyed property.

Second, that the defendant did so willfully.

Third, that the property involved was property of the United States, or of any department or agency thereof; and

Fourth, the damage or attempted damage to the property in question exceeded the sum of $1,000.

### Definitions

The term "department" means one of the departments of the executive branch (e.g., the Department of Homeland Security) or the legislative branch (i.e., Congress).  The term "agency" includes any department, independent establishment, commission, administration, authority,

board or bureau of the United States or any corporation in which the United States has a proprietary interest.

A defendant acts "willfully" if the defendant acted with a bad purpose or knowledge that the defendant's conduct was unlawful. While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that the defendant's conduct violated.

The government also does not need to prove that the defendant knew that the property belonged to the United States.  You must decide whether the value of the property damaged was $1,000 or more.  Value means fair market value at the time when and the place where the property was allegedly damaged or destroyed.  The fair market value of the damaged or destroyed property is measured by the cost of repairing or the cost of replacing the property, whichever is less. Do not speculate or guess at the value of the property.  Base your determination only on the evidence.

### Count Five: Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon

Count Five of the indictment charges defendant Shane Jenkins with entering or remaining in a restricted building or grounds while using or carrying a deadly or dangerous weapon, which is a violation of federal law.  I will also instruct you on the lesser included offense of entering or remaining in a restricted building or grounds, which is also a violation of federal law.  After I give you the elements of these crimes, I will tell you in what order you should consider them.

### *Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (Greater Offense)*

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, that the defendant knew that the building or grounds was restricted and he knew that he lacked the lawful authority to enter or remain there.

Third, that the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

With respect to the third element—use of a deadly or dangerous weapon—the indictment alleges the deadly or dangerous weapon to be a tomahawk axe, a flagpole, a desk drawer, and stick-like objects.  In order to convict Mr. Jenkins of this offense, you must be unanimous that at least one of these objects constitutes a deadly or dangerous weapon.  The term "deadly or dangerous weapon" has the same definition as in Count Three.

_Entering or Remaining in a Restricted Building or Grounds (Lesser Included Offense)_

In order to find a defendant guilty of entering or remaining in a restricted building or grounds, you must find the following:

First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, that the defendant knew that the building or grounds was restricted and he knew that he lacked the lawful authority to enter or remain there.

As to both the greater and lesser offense, a person who enters or remains in a restricted area with a good faith belief that he is entering with lawful authority is not guilty of this offense. Thus, you cannot find the defendant guilty of this Count unless you are convinced beyond a reasonable doubt that he did not have a good faith belief of his lawful authority to enter or remain in the restricted building.

<u>Order of considering the charges</u>

Now I am going to instruct you as to the order in which you should consider the above offenses.  You should consider first whether the defendant is guilty of entering or remaining in a restricted building or grounds while using or carrying a deadly or dangerous weapon.  If you find the defendant guilty of this offense, do not go on to the lesser included offense.  If you find the defendant not guilty, go on to consider whether he is guilty of entering or remaining in a restricted building or grounds.  And if, after making all reasonable efforts to reach a verdict on the charge that includes carrying a dangerous or deadly weapon, you are not able to do so, you are allowed to consider the other entering or remaining charge.

This order will be reflected in the verdict form that I will be giving you.

<u>Definitions</u>

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same mearing I gave you previously.

The term "deadly or dangerous weapon" has the same meaning as in Count III.

**Count Six: Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon**

Count Six of the indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds while using or carrying a deadly or dangerous weapon, which is a violation of federal law.  I will also instruct you on the lesser included offense of disorderly and disruptive conduct in a restricted building or grounds, which is also a violation of federal law.

After I give you the elements of these crimes, I will tell you in what order you should consider them.

### *Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (Greater Offense)*

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct in fact impeded or disrupted orderly conduct of Government business or official functions.

Fourth, the defendant used or carried a deadly or dangerous weapon during and in relation to the offense.

With respect to the fourth element—use of a deadly or dangerous weapon—the indictment alleges the deadly or dangerous weapon to be a tomahawk axe, a flagpole, a desk drawer, and stick-like objects.  In order to convict Mr. Jenkins of this offense, you must be unanimous that at least one of these objects constitutes a deadly or dangerous weapon.  The term "deadly or dangerous weapon" has the same definition as in Count Three.

### *Disorderly or Disruptive Conduct in a Restricted Building or Grounds (Lesser Included Offense)*

In order to find a defendant guilty of disorderly and disruptive conduct in a restricted building or grounds, you must find the following:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any

restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

<u>Order of considering the charges</u>

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of disorderly and disruptive conduct in a restricted building or grounds while using or carrying a deadly or dangerous weapon. If you find the defendant guilty of this offense, do not go on to the lesser included offense. If you find the defendant not guilty, go on to consider whether he is guilty of disorderly and disruptive conduct in a restricted building or grounds. And if, after making all reasonable efforts to reach a verdict on the charge that includes carrying a dangerous or deadly weapon, you are not able to do so, you are allowed to consider the other disorderly and disruptive conduct charge. This order will be reflected in the verdict form that I will be giving you.

<u>Definitions</u>

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The terms "restricted building or grounds," "person protected by the Secret Service," and "knowingly," have the same meanings I gave you previously. The term "deadly or dangerous weapon" has the meaning that I gave you for Count Three.

### Count Seven: Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon

Count Seven of the indictment charges the defendant with engaging in an act of physical violence in a restricted building or grounds while using or carrying a deadly or dangerous weapon, which is a violation of federal law.  I will also instruct you on the lesser included offense of engaging in physical violence in a restricted building or grounds, which is also a violation of federal law.  After I give you the elements of these crimes, I will tell you in what order you should consider them.

*Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (Greater Offense)*

In order to find a defendant guilty of this offense, you must find the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

Third, the defendant used or carried a deadly or dangerous weapon during and in relation to the offense.

With respect to the third element—use of a deadly or dangerous weapon—the indictment alleges the deadly or dangerous weapon to be a tomahawk axe, a flagpole, a desk drawer, and stick-like objects.  In order to convict Mr. Jenkins of this offense, you must be unanimous that at least one of these objects constitutes a deadly or dangerous weapon.  The term "deadly or

29

dangerous weapon" has the same definition as in Count Three.

### *Engaging in Physical Violence in a Restricted Building or Grounds*
### *(Lesser Included Offense)*

In order to find a defendant guilty of engaging in physical violence in a restricted building or grounds, you must find the following:

First, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

### Order of considering the charges

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of engaging in physical violence in a restricted building or grounds while using or carrying a deadly or dangerous weapon. If you find the defendant guilty of this offense, do not go on to the lesser included offense. If you find the defendant not guilty, go on to consider whether he is guilty of engaging in physical violence in a restricted building or grounds. And if, after making all reasonable efforts to reach a verdict on the charge that includes carrying a dangerous or deadly weapon, you are not able to do so, you are allowed to consider the other engaging in physical violence charge.

This order will be reflected in the verdict form that I will be giving you.

### Definitions

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual, or damage to, or destruction of,

real or personal property.

The terms "restricted building and grounds" and "knowingly" have the same meanings I gave you previously.  The term "deadly or dangerous weapon" has the meaning that I gave you for Count Three.

### Count Eight: Disorderly Conduct in a Capitol Building or Grounds

Count Eight of the indictment charges the defendant with disorderly and disruptive conduct in the United States Capitol Grounds or any of the Capitol Buildings, which is a violation of federal law.

#### Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol buildings or grounds;

Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, that the defendant acted willfully and knowingly.

#### Definitions

The term "United States Capitol Grounds" means all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds," dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columba in book 127, page 8.  You

are instructed that the West Terrace, including the Lower West Terrace, is part of the "United States Capitol Grounds."

The term "disorderly or disruptive conduct" has the same meaning described in Count Seven.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law.  "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

The term "knowingly" has the same meaning I gave you previously.

### Count Nine: Engaging in an Act of Physical Violence in the Capitol Grounds or Capitol Buildings

Count Nine of the indictment charges the defendant with engaging in physical violence in the United States Capitol Grounds or any of the Capitol Buildings, which is a violation of federal law.

#### Elements

In order to find a defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in an act of physical violence in the United States Capitol Grounds or any of the Capitol Buildings.

Second, that the defendant acted willfully and knowingly.

#### Definitions

The term "act of physical violence" has the same meaning as that term in Count Eight.

The terms "United States Capitol Grounds," "willfully," and "knowingly," have the same meanings described in the instructions above.

**<u>Mistake of Fact</u>**

The defendant's bona fide belief that he is permitted to be in a location, even one that is in fact restricted, is a defense to the following charges: (1) Entering or remaining in a restricted building or grounds with a deadly or dangerous weapon (Count Five); (2) Disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon (Count Six); (3) Engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon (Count Seven); and (4) and the lesser included offenses in Counts Five, Six, and Seven.

Before I excuse you to deliberate, I want to discuss a few final matters with you.

## Selection of Foreperson

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## Cautionary Instruction on Communication and Research

I would like to remind you that, in some cases, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial.  During deliberations, you may not communicate with anyone not on the jury about this case.  This includes any electronic communication such as email or text or any blogging about the case.  In addition, you may not conduct any independent

34

investigation during deliberations.  This means you may not conduct any research in person or electronically via the internet or in another way.

### **Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by deputy, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person— not the clerk or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 11-1, or in any other fashion—or whether the vote favors the government, the defendant, or is on any other issue in the case.

### **Jurors' Duty to Deliberate**

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

**Attitude and Conduct of Jurors in Deliberations**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance.  It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict.  When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case.  Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room.  Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed.  Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**Unanimity of Verdict**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict.  In other words, your verdicts must be unanimous.

**Possible Punishment Not Relevant**

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way.  The duty of imposing sentence in the event of a conviction rests exclusively with me.  Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**Exhibits During Deliberations**

I will be sending into the jury room with you the exhibits that have been admitted into evidence except for the physical evidence.  You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

If you wish to examine the firearms and other tangible evidence, please notify the clerk by a written note, and the marshal will bring them to you.  For security purposes, the marshal will remain in the jury room while each of you has the opportunity to examine this evidence.  You should not discuss the evidence or otherwise discuss the case among yourselves while the marshal is present in the jury room.  You may ask to examine this evidence as often as you find it necessary.

**Furnishing the Jury with a Copy of the Instructions**

I will provide each of you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

**Verdict Form Explanation**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

**Delivering the Verdict**

When you have reached your verdict, just send me a note telling me you have reached your verdict, and have your foreperson sign the note.  Do not tell me what your verdict is.  The foreperson should fill out and sign the verdict form that will be provided.  We will then call you into the courtroom and ask you your verdict in open court.

37

## **Excusing Alternate Jurors**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse the juror in seat 14.

Before you leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

You may now retire to begin your deliberations.